## THE PRESIDENT, DIRECTORS, &c. OF WORCESTER BANK *vs.* HARTFORD FIRE INSURANCE COMPANY.

A policy of insurance stipulated that "if the insured should effect subsequent insurance and should not with all reasonable diligence give notice thereof to the company and have the same indorsed on the policy, or otherwise acknowledged by them in writing, the policy should cease and be of no further effect." The insured effected subsequent insurance, and exhibited a memorandum thereof to the agent of the company authorized to receive notices of subsequent insurances, and to enter them on his book of policies. The agent took the memorandum to make the entry thereof, and returned it to the assured, saying that he had entered it and that it would be the same as if indorsed on the policy. In fact the agent did not enter on his book all the subsequent insurances contained in said memorandum. *Held,* that the stipulation in the original policy was not complied with, and that the policy was void.

THIS is an action of contract upon a policy of insurance, made by the defendants to Sylvanus Holbrook, dated January 1st, 1849, and renewed from time to time; the last renewal being from January 1st, 1851, to January 1st, 1852, insuring the sum of $2,500 against loss by fire upon said Holbrook's factory building, built of stone, and the fixed machinery contained therein, situate in Northbridge. In case of loss or damage by fire on the building, the amount was to be paid to the Worcester Bank. At the trial in the court of common pleas, before *Hoar,* J. it was proved that said factory building and fixed machinery, together with a large amount of movable

machinery, were destroyed by fire August 30th, 1851. It was admitted that the defendants, at the time of making and issuing the policy of insurance upon which this suit was brought, also made and issued to said Sylvanus Holbrook, and Stephen B. Holbrook, copartners under the name of Sylvanus Holbrook and company, another policy of insurance insuring them against loss by fire to the amount of $7,500, on their movable machinery and stock in the same factory building. This policy upon the machinery and stock was issued upon the same application and survey as the one upon the building. Said policy upon said machinery and stock was renewed from time to time, and was in force in like manner with the one on the building, at the time of the fire and loss aforesaid.

The defendants denied their liability to pay said loss or any part thereof, because said insurance was effected upon the following express condition; " That if the assured or his assigns should after the making of said policy, make any other insurance upon the same property, and should not with all reasonable diligence give notice thereof to said defendants, and have the same indorsed upon said policy, or otherwise acknowledged by said defendants in writing, then said policy should cease and be of no further effect," and they alleged that after the making of said policy, and before said loss, said assured and his assigns did make other and further insurances upon the same property, and did not with reasonable diligence, nor at all, give notice thereof to said defendants, nor have the same indorsed upon said policy, nor otherwise acknowledged by these defendants.

In support of this defence the defendants put into the case a policy of insurance made by the Hudson River Fire Insurance company to Sylvanus Holbrook and company, dated July 1st, 1851, for one year, insuring the amount of $2,500 on said cotton factory building, and $2,500 on fixed machinery therein, and contended that the defendants had no legal notice thereof; and the defendants further contended that, as it appeared from the sworn statement of Sylvanus Holbrook and company to the insurance company, concerning said loss, that they had $21,000 on machinery and stock, and $15,500

on the building and fixed machinery, they had had no legal notice thereof, and the requirements of the policy had not been observed in regard to such additional insurance.

Sylvanus Holbrook testified, that after he had procured several additional policies upon said property, he took a memorandum thereof upon a piece of paper, and on the 14th August, 1851, went to James Y. Smith, of Providence, the defendants' agent there, where the policy now in suit was originally issued, and showed him said memorandum and informed him of said additions, and had him indorse the same on the machinery policy; but as the policy in suit was in the hands of the plaintiffs, he did not have it with him, and therefore it could not be indorsed thereon; but that the agent told him it would make no difference, that he would make a memorandum of the fact upon his books which could answer every purpose; and he took the policy to make such an entry, and then returned it, saying or giving him to understand that he had entered it.

Said Smith, the agent, testified that he was agent for the defendants to issue policies, and was in the habit of receiving notices of additional insurance, which he indorsed on the policies when present, and always made a minute of all such notices on his book of record of said policies, which book the officers of the defendant company, occasionally examined when at Providence, but that he could not find on said book any notice of these additional policies, except one of $1,000 insured in the Franklin Fire Insurance office, and that no other record of notices of additional insurance of which notice was given, was kept by the company.

Upon this point the judge ruled that if the insured gave notice to the agent of the insurers, of the additional insurance he had effected, such agent being authorized to receive such notice and make a record of it on the book of the company; and if such agent, upon the memorandum of the additional insurance being handed to him, informed the insured that his record of it on the company's book, would have the same effect as if it were entered on the policy and took it from him to enter upon the book, and returned it, giving the insured to understand that it was entered, it would be a suffi-

cient compliance on the part of the insured with the condition
in the policy, although by mistake the agent might have failed
to enter the whole of it upon the book.    The verdict being for
the plaintiffs, to these instructions and rulings  the defendants
excepted.

*N. Wood*, for the defendants.

*R. Newton*, for the plaintiffs.

METCALF, J.*   It is provided in the policy on which this
action is brought, that if the assured or his assigns "shall
hereafter make any other insurance on the same property, and
shall not with all reasonable diligence give notice thereof to
this company, and have the same indorsed on this instrument
or otherwise acknowledged by them in writing, this policy
shall cease and be of no further effect."    After the making of
this policy, the assured obtained other insurance on the same
property, but did not have the same indorsed on the policy or
otherwise acknowledged by the defendants, in writing.    Yet
the judge before whom the trial was had, instructed the jury
that if the facts were, as testified by Holbrook and Smith, the
assured had sufficiently complied with the foregoing provision
in the policy.    We are of opinion that this instruction was
wrong, and that for this cause the verdict must be set aside.
See *Forbes* v. *Agawam Mutual Fire Ins. Co.* 9 Cush. 470.

A new trial in this court must be ordered, unless the plain-
tiffs elect to discontinue or to become nonsuit.

* THOMAS, J. did not sit in this case.