# Mentz *versus* Lancaster Fire Insurance Co.

1. General agents of an insurance company have no power to waive any express condition in the policy.

2. Plaintiff insured in defendants' company, one condition being that if additional insurance were effected, it should be endorsed on the policy ; the plaintiff effected additional insurance in another company with their agents, who were also agents of the defendants ; on inquiry by plaintiff, who gave his policy to the agent, he said that the endorsement of the second insurance had been made on the first policy ; the endorsement had not in fact been made.   In an action against the defendants for a loss, *Held,* that the declarations of their agent estopped them from objecting to the want of endorsement, and the plaintiff could recover.

November 24th 1875.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Crawford county :* Of October and November Term 1875, No. 157.

This was an action of assumpsit, brought April 6th 1874, by J. M. Mentz against The Lancaster Fire Insurance Company.

79 475
132 439

79 475
164 205

79 475
169 315

79 475
177 570

79 475
d 27 SC ²454

79 475
28 SC ¹432
d 28 SC 605

79 475
31 SC ² 33
31 SC ² 34

[Mentz *v.* Lancaster Fire Ins. Co.]

The action was to recover for loss by fire of the plaintiff's stock of dry goods, insured by the defendants, in a storehouse in Titusville. The defence was that the plaintiff had, contrary to the stipulations in the policy, effected an additional insurance on his goods in the Armenia Insurance Company, without the consent of the defendants endorsed on his policy.

The case was tried, May 4th 1875, before Lowrie, P. J.

It was admitted that Murray & Clow were agents in Titusville both of the defendants and The Armenia Insurance Company.

The plaintiff gave in evidence policy No. 300 of the defendants, insuring his stock of store-goods in his storehouse in Titusville; the policy was dated July 8th 1873, and on the same day countersigned, " Murray & Clow, agents."

One of the conditions of the policy was :—

" That if the insured, or any persons or parties interested, shall have existing, during the existence of this policy, any other contract or agreement for insurance (whether valid or not) against loss or damage by fire on the property hereby insured, or any part thereof, not consented to by this company in writing, and mentioned in or endorsed upon this policy, then this insurance shall be of no effect; and if consent be endorsed thereon, the insured shall not be entitled to demand or recover of this company any greater portion of loss or damage sustained than the amount hereby insured shall bear to the whole amount of such contracts or agreements for insurance (whether valid or not), or made before or after the date of this policy."

He gave in evidence also an insurance for $400, effected for him in The Armenia Insurance Company, by policy No. 545, dated October 13th 1873, on the same goods and in the same storehouse. He gave evidence also of the burning of the goods, the amount of loss, &c.

He then offered to prove that the agent effecting the policy for The Armenia company had knowledge that an insurance for $600 had been before effected in the Lancaster company, he having been the agent in effecting the same. And further, that at the time of effecting the second policy the witness called the attention of the agent to the fact that the notice of the second ought to be endorsed on the first policy, and notice thereof given to the Lancaster company, and that when the agent returned the policy to the witness the agent told him that the proper endorsement had been made on the Lancaster policy, he having both policies in his possession, and the witness relied on this because he could not read English; neither could Mentz read English. This for the purpose of excusing the want of such notice and endorsement.

The offer was objected to, because the policy requires that the fact ought to be assented to by the first company and endorsed.

The court rejected the offer and sealed a bill of exceptions.

[Mentz v. Lancaster Fire Ins. Co.]

The plaintiff having closed his case, defendants moved for a nonsuit. The motion was allowed, and judgment of nonsuit entered.

The plaintiff took a writ of error, and assigned for error the rejection of his offer of evidence, and entering a judgment of nonsuit.

*H. C. Johns* (with whom was *S. S. Smith*), for the plaintiff in error.—Murray & Clow were general agents of the defendants, and could do all acts connected with their particular business: Story on Agency, sects. 17, 126; Pickard v. Sears, 6 Ad. & E. 469. The principal is bound even by misrepresentation and concealment of the agent in the course of the business: Story on Agency, sects. 127, 139; 1 Story's Eq. Jur., sect. 387. A party who enables another to commit a fraud is answerable for the consequences: Blight v. Schenck, 10 Barr 293; Shaw v. Levy, 17 S. & R. 101; Bank of Kentucky v. Schuylkill Bank, 1 Parsons R. 182; Garrard v. Haddan, 17 P. F. Smith 82; Hutchinson v. McClure, 8 Harris 67; Story on Agency, sect. 451. Notice to the agent is notice to the principal: People's Ins. Co. v. Spencer, 3 P. F. Smith 353.

*J. B. Brawley*, for defendant in error.—Where the policy requires written notice of additional insurance and neglects to give it he cannot recover on the policy: Simpson v. The Pennsylvania Fire Insurance Co., 2 Wright 250; Insurance Co. v. Slockblower, 2 Casey 199; Forbes v. The Agawam Mutual Ins. Co., 9 Cush. 470; Worcester Bank v. The Hartford Fire Ins. Co., 11 Id. 265; Conway Tool Co. v. The Hudson River Ins. Co., 12 Id. 144; Pendar v. Am. Mut. Ins. Co., Id. 469; Mitchell v. The Lycoming Mutual Ins. Co., 1 P. F. Smith 409; Mellen v. Hamilton Fire Ins. Co., 17 N. Y. 609.

Mr. Justice SHARSWOOD delivered the opinion of court, January 6th 1876.

It was admitted on the trial of the cause below that Murray & Clow were the agents at Titusville of the defendants in error and of The Armenia Fire Insurance Company. There was no evidence tending to show that their powers were special. It must be assumed then that they were authorized to act as the general agents of the companies in all matters relating to the effecting of insurance on their behalf. It may be conceded that as such general agents they would have no power to waive any express condition in the policy. But the question was not of their power to do this, but whether their declaration of a fact, namely, that the condition had been actually complied with, would not estop the company from controverting that fact. The evidence offered and rejected was that the agent had told the assured that the proper endorsement had

[Mentz *v.* Lancaster Fire Ins. Co.]

been made on the policy. Now, such a declaration made by a duly authorized agent or officer would clearly operate as an estoppel. It lulled the party to sleep by the assurance that the conditions of the policy had been complied with and that his indemnity was secured. In point of fact, these local agents are held out as acting for the companies they represent in all respects except as to the actual issuing of the policies. The companies will assuredly lose all public confidence if they shelter themselves behind the special character of the powers of such agents, when parties have relied upon their declarations.

The case of The Worcester Bank *v.* The Hartford Fire Insurance Co., 11 Cush. 265, is not in point. There the party insuring was told by the agent that it would make no difference that the second insurance was not endorsed on the policy; that he would make a memorandum of the fact upon his book, which would answer every purpose. The question there was whether the agent could waive performance of the condition, which is a very different question from that presented on this record.

Judgment reversed and *procedendo* awarded.