Hiram Highlands, for use of Cora Highlands, Appellant,
*v.* The Lurgan Mutual Fire Insurance Company.

[Marked to be reported.]

*Insurance—Fire insurance—Estoppel—Assignment for creditors—Insurable interest.*

An assignee for creditors of a person having property insured went to the agent of the insurance company shortly after the assignment and informed him of the assignment and proposed to have a transfer made. The agent assured him that it was not necessary, and therefore it was not done. The assignee subsequently paid an assessment demanded by the company. The assignee then sold the property, but before a deed was made to the purchaser, a fire occurred causing a loss. *Held*, that the insurance company was estopped from asserting the want of a transfer as a defense to its liability.

Argued April 29, 1896. Appeal, No. 148, Jan. T., 1896, by plaintiff, from judgment of C. P. Cumberland Co., Sept. T., 1894, No. 205, entering nonsuit. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Reversed.

Assumpsit on a policy of fire insurance. Before BIDDLE, P. J. The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*F. E. Beltzhoover*, with him *H. M. Leidigh* and *S. M. Leidich*, for appellant.—An assignee for the benefit of creditors is the mere agent of the law and representative of the assignor, enjoying his rights only, and bound where he is bound : Morris's App., 88 Pa. 368. He is not an alienee in the ordinary and usual sense, but an officer of the law, governed in all his acts by statutory regulations and the direction of the court. He is simply a trustee : Broadhead v. Cornman, 171 Pa. 322. His is therefore always conditional, and it is clearly settled law that nothing but an absolute alienation avoids : Norcross v. Ins. Co., 17 Pa. 429 ; Wood on Insurance, 539 ; Fire Ins. Co. v. Building Ass'n, 14 Vroom, 652. There must be a conveyance of the entire interest of the grantor to avoid an insurance policy : Hill v. Ins. Co., 59 Pa. 474 ; Lockwood v. Ins. Co., 47 Conn. 564 ;

Wood on Insurance, 538.   A deed absolute on its face but in fact a mortgage does not avoid: Barry v. Ins. Co., 12 Cent. Rep. 737.   Absolute legal title is not necessary to sustain an insurance: Ins. Co. v. Erb, 112 Pa. 149.   An assignment as collateral does not avoid although it may result in absolute transfer of title: Ayres v. Ins. Co., 21 Iowa, 193; Newhall v. Ins Co., 52 Me. 180.   A voluntary assignment for the benefit of creditors to an assignee in bankruptcy under the law of the United States is not such an alienation as will avoid a policy of insurance which provides that the sale of the property shall forfeit the insurance: Fayette County Ins. v. Neel, 6 W. N. C. 233.

Where property is assigned for the benefit of creditors and the assignor remains liable to them for any balance remaining due after the distribution of assets, he still retains an insurable interest to the extent of the entire value of the property because that would be the extent of his loss: Wood on Ins. 540; Lazarus v. Ins. Co., 19 Pick. 81; Ins. Co. v. Lawrence, 4 Met. (Ky.) 19; Courtney v. Ins. Co., 28 Barber, 116; Thompson v. Ins. Co., 136 U. S. 287; Young v. Ins. Co., 14 Gray, 150; Dadmon Mfg. Co. v. Ins. Co., 11 Met. 429.

The authorities germane to the subject are all in relation to sheriff's sales and seem clearly to hold that an insurable title remains even in assignees' sales until actual delivery of the deed to the purchaser: Hawk v. Stouch, 5 S. & R. 157; Scheerer v. Stanley, 2 Rawle, 276; Thomas v. Connell, 5 Pa. 13; Garrett v. Dewart, 43 Pa. 349; Hill v. Ins. Co., 59 Pa. 477; Ins. Co. v. Updegraff, 21 Pa. 513; Cock v. Thornton, 108 Pa. 642; Evans v. Maury, 112 Pa. 313; Collins v. Ins. Co., 165 Pa. 308; Light v. Ins. Co., 169 Pa. 315.

The agent stated to the insured and his assignee that a transfer of the policy was not necessary, and the agent of the defendant was bound to do what the plaintiff had a right to presume would be done: Reeves v. R. R., 30 Pa. 461; Schum v. R. R., 107 Pa. 8; Winlack v. Geist, 107 Pa. 297.   The powers of the agent are prima facie coextensive with the business intrusted to his care, and will not be narrowed by limitations not communicated to the person with whom he deals: Ins. Co. v. Wilkinson, 13 Wallace, 222; Ins. Co v. Schollenberger, 44 Pa. 259; Bebee v. Ins. Co., 25 Conn. 51; Beal v. Ins. Co., 16 Wis. 241; Davenport v. Ins. Co., 17 Iowa, 276; Pitney v. Ins. Co., 65 N. Y. 6; Kru-

nem v. Ins. Co., 40 Ohio, 225; Ins. Co. v. Bruner, 23 Pa. 50; Meadowcraft v. Ins. Co., 61 Pa. 91; Ins. Co. v. Woodworth, 83 Pa. 227; Nassauer v. Ins. Co., 109 Pa. 507; Valentine v. Packer, 5 Pa. 333; Woodwell v. Brown, 44 Pa. 121.

The insurer can never be misled when the agent knóws the facts : Wood on Ins. 671; Wachter v. Ins. Co., 132 Pa. 439; Griswold v. Gebbie, 126 Pa. 353; Hubbard v. Tenbrook; 124 Pa. 291; Light v. Ins. Co., 169 Pa. 310; Mentz v. Ins. Co., 79 Pa. 475; Wood on Ins. secs. 383, 384, 837, 839; Ins. Co. v. Spencer, 53 Pa. 353.   In law the insurer will be estopped from setting up the errors or frauds of the agent in avoidance of the policy : Ins. Co. v. Spanknable, 52 Ill. 53; Rowley v. Ins. Co., 36 N. Y. 550; Ins. Co. v. Throup, 22 Mich. 146 ; May v. Ins. Co., 25 Wis. 291; Ins. Co. v. Chamberlain, 132 U. S. 304; Light v. Ins. Co., 169 Pa. 310; Wachter v. Ins. Co., 132 Pa. 428.   In the construction of the authority of agents the policy of the law is to give a liberal interpretation in favor of their competency : Ins. Co. v. Wilkinson, 13 Wallace, 222; Burkhard v. Ins. Co., 102 Pa. 262; Grandin v. Ins. Co., 107 Pa. 26 ; Tool Co. v. Ins. Co., 132 Pa. 236; Thompson v. Ins. Co., 136 U. S. 287; Ins. Co. v. Coos County, 151 U. S. 452; Stauffer v. Ins. Co., 164 Pa. 199; Pipe Line v. Ins. Co., 145 Pa. 346; True v. Association, 78 Wis. 287; Ins. Co. v. Marshall, 29 Vt. 23.

*J. W. Wetzel,* for appellee.—There is no analogy between a sale made by an assignee for the benefit of creditors by an order of court, and a sheriff's sale; on the other hand, it has been determined that a sale by an assignee is substantially subject to the same control of the court as one made by an administrator : Carver's App., 89 Pa. 276 ; Tomlinson's App., 90 Pa. 224; Herbert's App., 90 Pa. 353; Burkholder's App., 94 Pa. 522; Bank's App., 96 Pa. 347 ; Ramsay v. Hersker, 153 Pa. 487.

The rule is now well established, to prove a waiver of conditions by an agent his authority must be shown, and the evidence of a waiver must be clearly shown by a preponderance of testimony : Trask v. Ins. Co., 29 Pa. 198 ; Beatty v. Ins. Co., 66 Pa. 9 ; Ins. Co. v. Dunham, 117 Pa. 473 ; Gould v. Ins. Co., 134 Pa. 587 ; Ins. Co. v. Hebard, 95 Pa. 45; Ins. Co. v. Schollenberger, 44 Pa. 259 ; Freedman v. Ins. Co., 168 Pa. 249;

Everett v. Ins. Co., 142 Pa. 332; McFarland v. Ins. Co., 134 Pa. 590; Bard v. Ins. Co., 153 Pa. 257; Hook v. Ins. Co., 160 Pa. 229; Mitchell v. Ins. Co., 51 Pa. 402; Market Co. v. Jackson, 102 Pa. 269; B. & O. etc. Co. v. Post, 122 Pa. 596; Jones v. Yoder etc. Co., 16 Pa. C. C. 652.

Opinion by Mr. Justice Green, October 5, 1896:

There is but one question in this case that needs consideration. It is the question of estoppel. Can the defendant be permitted to set up the defense it has made against the plaintiff's claim? We are clearly of opinion it cannot. There is no controversy as to the facts. The learned court below granted a compulsory nonsuit at the end of the plaintiff's testimony upon a theory to which we cannot possibly assent. The question of waiver is of no consequence in view of the facts given in evidence by the plaintiff. The legal plaintiff, Hiram Highlands, held a fire insurance policy issued by the defendant, covering a barn and its contents and a dwelling house and furniture. This policy was executed on May 26, 1891, to continue for five years. On August 2, 1892, Mr. Highlands made an assignment for the benefit of creditors to Charles B. Baker, who accepted and executed the trust. Mr. Baker testified on the trial that within a few days after the assignment was made, he went to the agent of the defendant, Meredith, for the purpose of having the policy transferred to him as assignee, but was assured by the agent that the policy was good as it was, and did not require any transfer until after deeds were made to the purchaser of the property from the assignee. Later on, at another conversation on the same subject, he said the agent told him " there was no occasion to have that policy transferred until after the deed was made; otherwise he said, if it was transferred before the deed was made, it would be just about in the same shape as it was before; that it would leave it stand in my hands." In consequence of this he retained the policy, and the transfer was not made. During the following year, 1893, the same agent of the defendant, Meredith, made a demand upon the assignee for an assessment for a loss which had occurred after the assignment. The witness took the advice of his counsel as to whether he should pay the assessment, and upon being advised to make the payment he did so, and took a company

receipt for it, signed by Meredith as collector.  That assessment was made on October 14, 1892, and the receipt was given on March 18, 1893, for an assessment of $7.50, due the defendant company.  The assignee made a sale of the farm on which the barn in question was situated in October, 1892, under an order of the court of common pleas, but the sale was not perfected at that time, and no deed was made to the purchaser until April 21, 1894.  In the mean time on April 3, 1894, the barn and its contents were entirely destroyed by fire, and the company refuses to pay because the property had been sold by the assignee, and the court was of opinion that the confirmation of the sale avoided the policy although no deed was made to the purchaser.

The assignee having been assured by the defendant through its authorized agent that the policy was good as it was until a deed was made to the purchaser, and the defendant having claimed an assessment for a loss which occurred not only after the assignment, but also after the sale was made by the assignee, and that assessment having been paid, the case comes clearly within the operation of at least three of our decisions, the last of which was made only one year ago.  These cases are Mentz v. Lancaster Fire Ins. Co., 79 Pa. 475 ; Wachter v. Phœnix Assurance Co., 132 Pa. 428, and Light v. Mutual Fire Ins. Co., 169 Pa. 310.  In all of these we held the company estopped by declarations of their agent of a character precisely similar to those made in this case.  In the Mentz case, because the agent told the policy holder that the proper indorsement had been made on the policy, we held the company estopped by his declaration.  The Wachter case was almost precisely similar to this, and the company was estopped, because the agent assured the policy holder that the policy was properly transferred to the mortgagee, and that nothing more need be done.  In the Light case we expressly held that there was no insurable interest in the policy holder after the sale of the property, but we refused to permit that defense to be made.  There as here, the policy holder informed the agent of the sale, and wanted to know what was to be done in regard to the policy.  The agent told him he had better hold the policy and have the assessments sent to him, which was done, and they were paid by the insured, who delivered the deed to the purchaser without transferring the

policy in pursuance of the advice of the agent. Although the defense of want of insurable interest at the time of the fire was a perfectly good defense, and although there actually was no insurable interest in the plaintiff when the fire occurred, we refused to allow such a defense to be made solely because of the declaration of the agent and the subsequent acceptance of assessments by the company from the insured. We can see no difference between that case and this. Here the assignee of the insured went to the agent of the company shortly after the assignment and informed him of the assignment, and proposed to have a transfer made. But the agent told him it was not necessary, and therefore it was not done. Subsequently the company demanded an assessment from the assignee and it was paid. These were the exact facts upon which the Light case was ruled and they rule this. The company treated the policy as an active subsisting policy after the assignment, and after the sale by the assignee, and they shall not now be permitted to escape liability by asserting the want of a transfer, which was not made because its omission was induced by their own declarations and acts. We cannot understand why the testimony of Hiram Highlands was stricken out, or why the amendment asked for was refused, but as no assignments of error on that account were made those questions are not before us.

Judgment reversed and new venire awarded.