# Monk, Appellant, *v.* Penn Township Mutual Fire Insurance Association.

*Insurance—Fire insurance—Additional insurance—Notice.*

Where the by-laws of an insurance company require additional insurance to be noted on the policy, and a member after taking out additional insurance, informs the secretary of this fact in a chance conversation on a street car, and the secretary tells him to bring his policy to the office of the company to have the additional insurance noted, and the member neglects to do this, he cannnot thereafter recover from the company for a loss of property covered by the policy although he may have paid assessments after his conversation with the secretary.

Argued Nov. 15, 1904.    Appeal, No. 132, Oct. T., 1904, by plaintiff, from judgment of C. P. Lancaster Co., Feb. T., 1903,

450 MONK, Appellant, *v.* PENN TWP. FIRE INS. ASS'N.

Statement of Facts—Opinion of Court below. [27 Pa. Superior Ct.

No. 30, non obstante veredicto in case of John A. Monk v. Penn Township Mutual Fire Insurance Association of Lancaster County, Pennsylvania. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before HASS-LER, J.

At the trial it appeared that the plaintiff took an additional insurance without having the additional insurance indorsed on the policy as requested by the by-laws.

Other facts appear by the opinion of the Superior Court.

Verdict for plaintiff subject to question of law reserved.

HASSLER, J., filed the following opinion:

The plaintiff brings this action to recover the amount of a policy of fire insurance, issued by the defendant company, on property of the plaintiff, which has been destroyed by fire. At the trial a verdict was taken in favor of the plaintiff, and at the same time, a rule was granted to show cause why judgment should not be entered for the defendant non obstante veredicto.

Printed on the policy are the following conditions: "Other insurance. IV. Notice of other insurance upon the property herein described, whether made prior or subsequent to the date hereof, must be endorsed on this policy, otherwise this policy shall be void."

"29. . . . And a member of this association may place additional insurance in another company on property already insured in this association; provided that in either case there must be an application made to this association, which application shall contain in addition to what is otherwise required, a full and correct statement of all the facts appertaining to such additional insurance. And the same must be allowed and approved at a regular meeting of the board of directors; otherwise this association shall not be held liable."

On June 29, 1900, before the fire occurred, plaintiff placed additional insurance on his property, which was not indorsed on the policy on which suit is brought, nor was the same allowed and approved at a regular meeting of the board of directors. Such a condition has been held to be an entirely

reasonable regulation, as the company has the right to know of, and require that it agree to, additional insurance, so as to prevent the insured from overinsuring his property, which, as experience has shown, often leads to fraud. The company also has a right to stipulate how notice of such additional insurance shall be given it, and how it shall be allowed : Bard v. Penn Mutual Fire Insurance Co., 153 Pa. 257.

The questions then arise, first, whether the plaintiff has complied with these conditions of the policy ; and, second, if he has not, then, whether he has shown such acts of the company as will prevent it from taking advantage of the plaintiff's failure to comply with these conditions.

All the plaintiff claims to have done to conform to the conditions of the policy, is, that about a month after he had taken out the additional insurance, he met the secretary of the company on a street car, told him of it, and the secretary replied, " That is all right ; send down your policy some time and I will indorse it on the policy ; " that he never did send the policy to the company as he forgot to do so.

This is not in compliance with the requirement, " there must be an application made to this association, which application shall contain . . . . a full and correct statement of all the facts appertaining to such additional insurance. And the same must be allowed and approved at a regular meeting of the board of directors." No application was made to the company ; permission was not given to the insured to take additional insurance, and nothing was indorsed on the policy. Even though application could be made to the secretary as an officer of the association, which, under the terms of the by-law above quoted, we doubt, and the conversation above referred to could be construed as being such an application, it would not have been a substantial compliance with the by-laws, for the reason that the secretary told him he must bring the policy down and have it indorsed, which plaintiff failed to do.

2. If the defendant company has by its act or acts, done anything to lead the plaintiff to believe that it has accepted the notice of other insurance, given to the secretary, then it is estopped from taking any advantage of the plaintiff's failure to comply with the conditions on the policy. The burden of showing such act or acts on the part of the company, is on the

plaintiff.   The plaintiff shows that after he had notified the secretary of his having taken out additional insurance, the company sent notice of assessment on the policy for the years 1900 and 1901, which plaintiff paid.   This he contends estops the defendant company from taking advantage of the failure to comply with the condition of the policy; in other words is a waiver of the condition.

It has been held that, where a company had notice that additional insurance had been taken by the insured and did not return assessments collected, or cancel the policy, or return the premium note, the company was estopped, in an action on the policy, from setting up as a defense the fact that notice of additional insurance was not indorsed on the policy: Kalmutz v. The Northern Mutual Insurance Company of Lancaster county, 186 Pa. 571.   In that case, however, there was no question of the company having had notice.   The jury found that it had notice.   (Its failure to make the proper indorsement on the policy, after it knew of this insurance, was its neglect and could not be taken advantage of by it to defeat its liability on the policy.   The insured was led to believe that the company did not require any further compliance with the condition of the policy.)

In the present case the company did not have notice of additional insurance.   Such notice was to be given to the association in an application that was to contain a full and correct statement of all the facts, and it was to be allowed and approved at a regular meeting of the board of directors.   Condition No. XIV, requires all such applications to be in writing.   It was the duty of the insured to make this application in writing, and to request its allowal and approval at such a meeting.   Had he done this, the company could not take advantage of its failure to indorse such additional insurance on the policy to defeat its liability.

In Bard v. Insurance Co., supra, it has been held that a company has the right to stipulate how it is to be notified of such additional insurance.   We do not regard the conversation by the plaintiff with the secretary of the company, on a street car, away from the office and books of the company, in which he, the plaintiff, told the secretary of the additional insurance, a substantial compliance by the insured, with the requirement

of the policy ; nor do we consider it notice to the company of such additional insurance.

In Bard v. Penn Mutual Fire Insurance Co., 153 Pa. 257, notice of additional insurance given to a director of an insurance company was held not sufficient, where the condition in the policy required that written notice should be given to the secretary.

In Hook v. Mutual Insurance Co., 160 Pa. 229, where notice of additional insurance was given to the treasurer of an insurance company, it was held not to be sufficient, unless it was shown that he was a general agent of the company or was authorized to receive such notice.

In Inland Insurance & Deposit Co. v. Stauffer, 33 Pa. 403, the condition required that notice of additional insurance should be given to the secretary or other authorized officer, and it was held that notice to a director was not sufficient.

On the policy are printed the duties of the secretary. There is nothing to show that the secretary had any authority to receive notice,. nor that the insured had any right to give notice to the secretary that he had taken out additional insurance. Nor was the secretary acting in any official capacity in any matter connected with this policy when the conversation between the plaintiff and himself took place. He did not acquire the information as an officer of the company.

In Sitler v. Spring Garden Mutual Fire Insurance Co., 18 Superior Ct. 139, it is said the knowledge of an officer of a corporation which will affect the corporation with constructive notice, must be gained by the officer while acting for the corporation in the matter to which it relates.

The plaintiff did nothing more. than to make the secretary. his agent to take the information to the board of directors, who were the proper persons to receive and act upon such notice. If the secretary failed in performing this duty for the plaintiff, the company could not be bound. If the plaintiff had shown that the secretary did furnish the information to the board of directors, and therefore that the association knew that additional insurance had been taken out, and it took no steps to cancel the policy and surrender the premium note, but did make assessments on the policy and collected the same after they had knowledge of additional insurance, certainly the de-

fendant company would be estopped from setting up their failure to indorse on the policy, the fact of such additional insurance, as a defense to this action. It would constitute a waiver of the condition on this policy; but until the plaintiff shows that the company had such knowledge of additional insurance, the making of assessments and collecting the same could not be so construed.

In Bowman v. The Mutual Fire Insurance Co., 203 Pa. 150, there was no question that the company had notice of additional insurance, and therefore it could not take advantage of the failure of the insured to perform a duty similar to the one in this case in defending against liability on the policy.

Kalmutz v. The Northern Mutual Fire Insurance Co., 186 Pa. 671; Wilson v. The Mutual Fire Insurance Co., 174 Pa. 554, and Mentz v. The Fire Insurance Co., 79 Pa. 474, are all cases where the company did have notice of additional insurance, or at least there was no question raised as to such notice. In such cases there can be no doubt that if the insured was led to believe that what he did was a sufficient compliance with a condition in the policy, and the company assessed the policy and collected the assessments, the insured would have a right to believe that any further performance of the condition in the policy was waived by the company.

Such, however, is not in this case. The company was justified in believing that the insured had done nothing contrary to the requirements of the policy. They were, therefore, justified in levying assessments and collecting the same without such action being construed to be a waiver of any conditions in the policy, the breach of which had not been called to their attention prior thereto. We are, therefore, of the opinion that under the facts presented, judgment should be entered in favor of the defendant, notwithstanding the verdict, and we therefore make the rule absolute.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*C. E. Montgomery*, with him *Willis G. Kendig*, for appellant.

*W. U. Hensel*, for appellee.

PER CURIAM, March 14, 1905:

If, as the plaintiff admitted upon cross-examination, he was told by the secretary, in the conversation between them on the street car, that he must send his policy down to have the indorsement put on it, he had no right to assume that the secretary would take any action in his behalf in the matter until that was done. To be more explicit, he had no right to assume that the secretary would treat the chance conversation referred to as equivalent to the formal application contemplated by condition 29 of the policy, and would bring it before the board of directors for their approval or disapproval. It is true the policy does not declare, in so many words, that the application referred to must be in writing, and we do not put our decision upon that ground, but upon the ground that what the plaintiff said to the secretary was not a compliance with the condition either as to what must be contained in the application or as to the persons to whom the application must be made. The secretary said nothing to the plaintiff to mislead him ; he rather put him on his guard. As the matter was left at the end of their conversation, there is no ground for natural inference or legal presumption that the information then communicated to the secretary was by him communicated to the board (who alone had authority to act in the premises), and that the subsequent assessments were imposed by the company with knowledge of the additional insurance. Therefore, the court was right in entering judgment for the defendant. This conclusion is so well sustained by the clear and satisfactory opinion of the learned judge of the common pleas as to render further discussion by us unnecessary.

Judgment affirmed.