# Smith, Appellant, *v.* West Branch Mutual Fire Insurance Company.

*Insurance—Fire insurance—Additional insurance—Notice—Waiver.*

A provision in a policy of fire insurance that additional insurance will
void the policy unless assented to by the company by indorsement on the
policy, is not waived by evidence, that the insured several months after
the policy had been delivered to him procured additional insurance, and
thereafter informed the local agent of the company of this fact in a casual
conversation on the street, but made no effort to secure an indorsement on
the policy either from the company or the local agent, although the latter
had power to make the indorsement.

Argued March 8, 1906.   Appeal, No. 2, March T., 1906, by
plaintiff, from judgment of C. P. Lycoming Co., June T., 1904,
No. 35, on verdict for defendant non obstante veredicto in case
of Luke O. Smith v. The West Branch Mutual Fire Insurance
Company.   Before RICE, P. J., PORTER, HENDERSON, MOR-
RISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Assumpsit on a policy of fire insurance.   Before HART, P. J.
The opinion of the Superior Court states the facts.

*Error assigned* was in entering judgment for defendant non
obstante veredicto.

*W. E. Ritter*, for appellant.—The company had sufficient
notice of the additional insurance : Brumbaugh v. Ins. Co., 20
Pa. Superior Ct. 144 ; Kalmutz v. Ins. Co., 186 Pa. 571 ; Bow-
man v. Mut. Fire Ins. Co., 203 Pa. 150 ; Mentz v. Ins. Co., 79
Pa. 475.

The policy permits the agent to waive its provision as to
additional insurance.   Michael was the agent named on the

policy by the secretary, and the policy only provides for one class of agents : Wachter v. Assurance Co., 132 Pa. 428 ; Mentz v. Ins. Co., 79 Pa. 475 ; Light v. Fire Ins. Co., 169 Pa. 310 ; Highlands v. Ins. Co., 177 Pa. 566 ; Fees v. Shadel, 20 Pa. Superior Ct. 193 ; Phila. v. Lockhardt, 73 Pa. 217 ; Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460 ; Minnock v. Fire & Marine Ins. Co., 51 N. W. Repr. 367 ; Phœnix Ins. Co. v. Copeland, 90 Ala. 386 (8 So. Repr. 48) ; Gristock v. Royal Ins. Co., 84 Mich. 161 (47 N. W. Repr. 549) ; Gristock v. Royal Ins. Co., 87 Mich. 428 (49 N. W. Repr. 634).

There was a waiver of the forfeiture : Brumbaugh v. Fire Ins. Co., 20 Pa. Superoir Ct. 144 ; Kalmutz v. Ins. Co., 186 Pa. 571 ; Mentz v. Ins. Co., 79 Pa. 475 ; Sitler v. Fire Ins. Co., 18 Pa. Superior Ct. 148 ; Wilson v. Ins. Co., 174 Pa. 554.

*Frank P. Cummings*, with him *C. G. Voris*, for appellee, cited : Mitchell v. Lycoming Mut. Fire Ins. Co., 51 Pa. 402.

An agent of an insurance company whose duty it is to take surveys, receive applications for insurance, examine the circumstances of the loss, approve assignments and receive assessments is not authorized to accept notice of overinsurance or waive its consequences : Mitchell v. Lycoming Mut. Fire Ins. Co., 51 Pa. 402 ; Susquehanna Mut. Fire Ins. Co. v. Swank, 102 Pa. 17 ; Hook v. Mut. Ins. Co., 160 Pa. 229 ; Commonwealth Mut. Fire Ins. Co., v. Huntzinger, 98 Pa. 42 ; Marshall v. Ins. Co. of North America, 10 Pa. C. C. Rep. 87 ; O'Neil v. Ins. Co., 3 Pa. Dist. Rep. 778.

The alleged conversations between the plaintiff and the agent Michael, in which the plaintiff claims to have given him notice of other insurance, occurred at a chance meeting on the streets of Hughesville, Pa., when Michael was not performing any duties as agent of the defendant company, or with respect to the policy held by Smith. The plaintiff therefore in giving the alleged notice, in this manner, made Michael his agent to communicate the same to the defendant company, who could then receive and act upon the notice. If Michael failed in performing this duty for the plaintiff the company could not be bound : Monk v. Penn Twp. Mut. Fire Ins. Assn., 27 Pa. Superior Ct. 449 ; Sitler v. Spring Garden Mut. Fire Ins. Co., 18 Pa. Superior Ct. 139 ; Kalmutz v. Ins. Co., 186 Pa. 571 ;

Mentz v. Fire Ins. Co., 79 Pa. 475; McFarland v. Ins. Co., 134 Pa. 590.

OPINION BY PORTER, J., April 23, 1906 :

The plaintiff applied for insurance upon his dwelling house, pump-house, household furniture and wearing apparel, situated upon his farm in Penn township, Lycoming county, to E. W. Michael, agent of the defendant company residing at Hughesville, who made an examination of the premises, received the application, premium and premium note, and forwarded the same to the home office of the defendant company.   The company executed a policy dated May 4, 1903, insuring the dwelling house in the sum of $800, the pump house in the sum of $50.00, the household furniture in the sum of $200, and the wearing apparel in the sum of $50.00.   The defendant company mailed this policy directly to the plaintiff, who received and has since retained it.   The policy contained the following covenant: " This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."   There was, at the time the policy issued, no other insurance upon the property, and the contract was valid at the time it was executed.   The plaintiff on October 8, 1903, procured three additional policies of insurance on the same property, one in the Citizens' Insurance Company, another in the German Fire Insurance Company and the third in the Lumberman's & Merchants' Insurance Company, aggregating $1,600 on the dwelling house, $400 on furniture and wearing apparel, and $75.00 on the pump house, through the agency of a Mr. Kuester, at Williamsport.   No agreement relating to this additional insurance was indorsed upon or added to the policy of the defendant company, as required by the covenant above recited.   The property insured was totally destroyed by fire on November 16, 1903.   The plaintiff brought this action upon the policy and there was a verdict in his favor for $793.45, the court reserving the question of law, " whether there is any evidence in this case on which the plaintiff is entitled to recover."   The court entered judgment in favor of the defendant non obstante veredicto and the plaintiff appeals.

It was conceded upon the trial in the court below that the taking out of the additional insurance by the plaintiff, five months after the execution of the policy of the defendant company, rendered this policy void, unless the company had waived the provisions of the covenant above recited, or was, by facts established by the evidence, estopped to assert that covenant. The question, therefore, is " Was there any evidence that the company had waived the provisions of the policy, or of facts which would estop the company from asserting its covenants ?

It was a fundamental condition of the contract that the taking out of additional insurance rendered the policy void, but incorporated in the terms of this condition was the provision that by an agreement indorsed upon the policy it might be confirmed and continued, concurrently with the insurance afterwards obtained. This regulation was a reasonable and proper one, for otherwise the company would be obliged to insure parties without any knowledge of the amount of insurance carried upon the property. The failure of the plaintiff to have the additional insurance noted upon the policy was not a mere formal defect, but a breach of a substantial condition of the insurance, and must be fatal to his claim unless there is something else in the case to avert such a result. The appellant attempted to show that the defendant company had waived this condition of the policy, or was estopped to assert it. The plaintiff testified that upon his return from Williamsport, upon the day he took out the additional insurance, he met E. W. Michael, who as agent of the defendant company had taken his application for this policy and transmitted it the company, upon the street in Hughesville, and thus narrates what then occurred : " I walked up street with him and I told him I had taken out additional insurance with another man in Williamsport to-day. He slapped me on the shoulder and he says, ' I am glad of it.' He says, ' Mr. Smith, if you happen to meet with a loss you will see which one has the most red tape in settling. I know our company is all right, mostly farmers.' He seemed to be well pleased that I had taken out the additional insurance." This was the only evidence which afforded any suggestion of a foundation for the allegation of the plaintiff that the defendant company had waived the provisions of the contract or was estopped to assert them. The plaintiff did testify that he had

had a former conversation with Michael, the agent, in which
the plaintiff expressed a desire to have the amount of insurance
increased by the defendant company, but there is not a scin-
tilla of evidence that he had notified either Michael or the
company of his intention to procure insurance in another
company.

Ought the question of the liability of the defendant to have
been submitted to the jury upon the evidence presented? This
policy had been in force several months at the time the addi-
tional insurance was taken, and the case is altogether different
from those in which an insurance company, or its agent duly
authorized to accept risks, issues a policy and accepts payment
of a premium with notice and knowledge that the building is
already covered by other insurance.   The question presented
is entirely different from that of an alleged waiver by the pres-
ident, secretary or other executive officer of an insurance com-
pany, notice to whom is notice to the company itself: Wilson
v. Insurance Company, 174 Pa. 554; Bowman v. Mutual Fire
Insurance Company, 203 Pa. 150; Brumbaugh v. Fire Insurance
Company, 20 Pa. Superior Ct. 144.   When an insurance com-
pany is, under the provisions of the policy, discharged from
liability, responsibility for the loss will not reattach by waiver
without proof of authority in the party whose act of waiver is
relied upon: Mentz v. Lancaster Fire Insurance Company, 79
Pa. 475; Imperial Fire Insurance Company v. Dunham, 117
Pa. 460; Gould v. Insurance Company, 134 Pa. 570; Mc-
Farland v. Insurance Company, 134 Pa. 590.   The policy in
question was issued by a mutual company in the mutual form,
and by the express covenants of the agreement the plaintiff
became a member of the company and was bound to inform him-
self of its rules and regulations: Mitchell v. Lycoming Mu-
tual Fire Insurance Company, 51 Pa. 402.   Among the by-
laws of the company indorsed on the policy was one defining
the powers of agents of the company, and limiting such powers
to the taking of applications, receiving membership fees, and
collecting assessments.   This by-law, however, is to be con-
strued in connection with the last clause of the policy, the ef-
fect of which is to give to agents the power to write upon or
attach to the policy an agreement providing for additional in-
surance.   The power of the agent Michael, as to this particular.

clause of the contract, was the same as that possessed by the general agent of an insurance company.   The power to enter into the written agreement indorsed upon the policy did not, however, clothe the agent with power to waive an express condition of the policy : Mentz v. Lancaster Fire Insurance Company, 79 Pa. 475 ; Worcester Bank v. Hartford Fire Insurance Co., 65 Mass. 265.   Had the agent, Michael, while the policy was in his possession, represented to the appellant that the indorsement of the additional insurance had been entered upon the policy as required by the contract of insurance, such a declaration would operate as an estoppel : Mentz v. Fire Insurance Company, 79 Pa. 475 ; Gould v. Insurance Company, 134 Pa. 570 ; Wachter v. Assurance Co., 132 Pa. 428 ; Light v. Mutual Fire Insurance Company, 169 Pa. 310 ; Highlands v. Fire Insurance Company, 177 Pa. 566.   There was in this case no evidence that the local agent had made any representation to the insured that anything had been done with regard to the policy, or that he had made any declaration which could have led the appellant to believe that the covenant of the contract had been complied with.   The policy had been in possession of the plaintiff for months at the time he took out the additional insurance, and it has ever since remained in his possession.   He is presumed to have known the covenants of his contract and that under those covenants he was required to have the consent of the company to the additional insurance. He might have applied directly to the company and obtained the consent of its executive officers, or he might under the provisions of his policy have presented that policy to Michael, the local agent, for the purpose of having the consent of the company indorsed upon the policy as provided for in the contract. Had he so presented the policy to either the company or the local agent, it would have then been incumbent upon them to either approve of the additional insurance or refuse to do so. The appellant never even notified the company of the additional insurance, nor did he ever give the local agent an opportunity to approve of such additional insurance in the only way in which, under the provisions of his contract, that agent had power to act for his principal.   The power of the local agent to indorse the additional insurance upon the policy was not exclusive, and there was upon him no duty to instruct the ap-

pellant as to the covenants of the policy which was then in the possession of the latter. The plaintiff had no right to assume that the chance conversation, upon the street with the local agent was equivalent to the deliberate consent of the defendant company to remain bound, as contemplated by the policy: Monk v. Penn Township Mutual Fire Insurance Association, 27 Pa. Superior Ct. 449. There was no evidence that the company had waived this provision of the contract, nor of any act or declaration upon the part of anyone authorized to bind the company which could have so misled the appellant as to constitute an estoppel.

The judgment is affirmed.