## Davis, Appellants, *v.* Home Insurance Co.

*Insurance—Fire insurance—Additional insurance—Permit—Estoppel.*

Where an insurance policy stipulated that "Unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damage occurring (a) while the insured shall have other contract of insurance whether valid or not, on property covered in whole or in part," a verbal assurance made by an agent to the insured that a permit for additional insurance had been obtained, will estop the insurance company from claiming a forfeiture, if a fire occurs while the additional insurance is still in force.

The declaration of the agent was that he had in fact done that which he had a perfect right to do, and there is no reason why the insured should not have relied upon that statement of fact. Such a declaration made by a duly authorized agent will clearly operate as an estoppel. It lulled the party to sleep by the assurance that the conditions of the policy had been complied with and that his indemnity was secure.

Devaney v. Insurance Co., 64 Pa. Superior Ct. 510, distinguished.

Argued March 9, 1920. Appeal, No. 2, March T., 1920, by plaintiffs, from judgment of C. P. Tioga County, May T., 1919, No. 1, for defendant non obstante veredicto in the case of Emet R. Davis and Sadie A. Davis v. The Home Insurance Company, New York. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit on policy of insurance.  Before CHANNELL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiffs for $711.33.  Subsequently the court, on motion, entered judgment in favor of defendant non obstante veredicto.  Plaintiffs appealed.

*Error assigned* was the order of the court.

*Chester H. Ashton,* for appellant.

*A. B. Dunsmore,* and with him *P. J. Edwards,* for appellee.

OPINION BY HEAD, J., April 24, 1920:

Following a verdict in favor of the plaintiffs in the action, the learned court below made absolute a rule for judgment for the defendant n. o. v., and the plaintiffs appealed. In such a case we are obliged to consider as established every fact testified to by the plaintiff or his witnesses; and this is true even where it can be said that the evidence supporting the plaintiffs' case presents some contradictory elements.

The learned court below reached the conclusion the plaintiff had no case, unless he could rest it on the proposition that the local agent of the defendant company was authorized to waive for his company an important and material provision in the policy.  He therefore felt the case was ruled by Devaney v. Insurance Co., 64 Pa. Superior Ct. 510.  An examination of the facts in that case, as they appear in the opinion of our late Brother WILLIAMS, very clearly differentiates the case and the long line of decisions supporting it, from a distinct line of cases equally well recognized, to which latter class of cases the one now under consideration surely belongs. In the Devaney case the insured went to the local agent, gave him notice that the insured premises were vacant

and would likely continue to remain so until he had se-
cured a tenant. He desired the agent to issue a vacancy
permit, as he was authorized to do. The agent, assum-
ing that he had the right or the authority to construe an
important provision in the policy, gave it as his opinion
that under the circumstances there was no necessity for
the issue of a permit, and that his insurance would be
all right without it. The assured was content to rest
upon this voluntary statement of the agent and unfor-
tunately lost his insurance. The identification marks
which show that the case cited was carefully classified
and disposed of, appear in the following excerpt from
the opinion: "The assurance given by the agent in this
case was merely an expression of opinion and this has
been held not to be a waiver or estoppel in several of our
cases: Smith v. Insurance Co., 31 Pa. Superior Ct. 29;
Hottner v. Insurance Co., Ibid. 461."

In the case at bar there was no necessity for the plain-
tiff to attempt to set up a waiver of any provision in the
policy. His cause of action exists with every line of the
policy in full force and vigor. He had a valid policy of
insurance in the defendant company; he sought and ob-
tained additional insurance in another company, which
he had the clear right to do upon the performance of the
conditions named in the policy in suit. They required that
he should give notice to this company of the additional in-
surance and give it the option to approve of the same or
cancel its policy. He took the new policy directly to the
agent of the defendant who had issued the policy in suit
and requested him to issue the necessary permit. He
was told by the agent that the matter would be taken
under consideration and he would be advised within a
few days of the conclusion of the company. A few days
thereafter the plaintiff again called upon the insurance
agent and his statement of what then occurred appears
in the single question and answer we now quote from the
record:

DAVIS, Appellants, *v.* HOME INS. CO. 95

"Q. State whether or not, Mr. Davis, at the second visit to Mr. Hall's office, you inquired of him whether or not he had fixed the other permit for other insurance? A. Yes, sir. He replied yes." Let it be noted this was a plain bald statement of a fact. It was no expression of an opinion by the agent. It was a simple declaration that the agent had in fact done, that which he had a perfect right to do; and there was no reason why the insured should not have relied on that statement of fact. What was its legal effect? Mr. Justice SHARSWOOD in Mentz v. Lancaster Insurance Co., 79 Pa. 475, thus answers the inquiry: "The evidence offered and rejected was that the agent had told the assured that the proper endorsement had been made on the policy. Now such a declaration made by a duly authorized agent or officer would clearly operate as an estoppel. It lulled the party to sleep by the assurance that the conditions of the policy had been complied with and that his indemnity was secure." The case has been cited with approval many times and its authority remains unimpaired. We quote once more from the opinion of PORTER, J., in Smith v. Insurance Co., 31 Pa. Superior Ct. 29, wherein the line of demarkation between the two classes of cases is very distinctly drawn: "Had the agent Michael, while the policy was in his possession, represented to the appellant that the endorsement of the additional insurance had been entered upon the policy as required by the contract of insurance, such a declaration would operate as an estoppel: Mentz v. Insurance Co., 79 Pa. 475, and additional cases."

The application to the established facts of the legal principle we have referred to, necessarily leads to the conclusion the learned court below fell into error in denying to the plaintiffs the benefit of their verdict and entering a judgment for the defendant.

The judgment is reversed and the record remitted to the court below, with direction to enter judgment for the plaintiffs on the verdict of the jury.