Lucretia McGOWAN, Plaintiff,

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.**

Civ. A. No. 64–1062.

United States District Court
W. D. Pennsylvania.

April 18, 1966.

———◆———

John J. Hickton, McArdle, Harrington, Feeney & McLaughlin, Pittsburgh, Pa., for plaintiff.

William T. Marsh, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge:

This civil jury proceeding arises from a suit on an insurance policy to recover accidental death benefits and family income benefits. Verdict was in favor of plaintiff.

The immediate matters before the court are Motions for Judgment N.O.V. and New Trial on behalf of defendant.

### JUDGMENT N.O.V.

In support of said motion it is contended there was not sufficient evidence to support the jury's findings that the agent's representations created an estoppel and if they did, there was not sufficient evidence to support his authority to do so.

An exhaustive and meticulous review of the record indicates substantial evidence from which the fact finder could infer that the agent's representations to the plaintiff gave her a basis to believe that the policy was still in force and that the plaintiff relied thereon.

As to the agent's authority, counsel for the defendant relies on the disclaimer in the policy under "Miscellaneous Provisions"—

"No agent has power on behalf of the company to make or modify this contract, to extend the time for paying a premium, to waive any forfeiture, or to bind the company by making any promise or representation or by giving or receiving any information."

■ However, there was substantial evidence to indicate that the defendant company had clothed the representative with the authority to do what he stated to the assured he did in fact do, that the policy was kept in force through the automatic loan provisions thereof.

Furthermore, the master contract between the agent and defendant, which defines the agent's duties and obligations with regard to policyholders, expressly states—

"to render to policyholders of a company all service incidental to the maintenance and care of the company's business which may be required by the policyholders or by the company."

■ Where there is an express provision in the policy against waiver of agents, notwithstanding this, the receipt of the premium and delivery of a receipt therefor by the agent did constitute a waiver in view of the scope of the agent's authority. The basis of the decision was waiver and not estoppel, but the important point, in this thesis, is the ruling as to the extent and scope of the authority of an agent in the expediting of an express provision in the policy against waiver. Globe Mut. L. Ins. Co. v. Wolff, 95 U.S. 326, 24 L.Ed. 387.

It is further contended that the principles enunciated in Continental Assur. Co. v. Jensen, 46 F.2d 902 (3 Cir.), are inapposite to the instant case. In that case an insurance agent told the assured that he was paying the premium and did not do so, and it was determined that this created an estoppel so that the assured was able to collect on the policy. The Court stated, "The misrepresentation which the plaintiff relies upon as a basis of estoppel in this case was made by an agent. It was not expressly authorized by the company nor was it brought to the company's attention subsequently and ratified by it. Is the company bound by it? This depends, as I take it, upon whether it was a statement made in connection with a matter which was within the general scope of the agent's authority."

Although the facts in this case are somewhat different, I believe the rule enunciated therein is applicable in this proceeding.

In Davis v. Home Insurance Company, 74 Pa.Super. 92, the court said, "let it be noted that this agent's statement that he had affixed a permit for other insurance to the policy was a plain bald statement of a fact. It was no expression of an opinion by the agent. It was a simple declaration that the agent had in fact done that which he had a perfect right to do and there was no reason why the insured should not have relied on that statement of fact."

■ The authority of an agent is governed by the following legal doctrine:

"An authorization is interpreted in light of all accompanying circumstances, including among other matters: (a) the situation of the parties, their relations to one another, and the business in which they are engaged; (b) the business methods of the principal; (c) facts of which the agent has notice respecting the objects which the principal desires to accomplish; (d) the nature of the subject matter, the circumstances under which the act is to be performed." The American Law Institute, Restatement of the Law, Agency, 2d Section 32.

In this proceeding there is no question that the agent had broad authority to conduct his business, and, in fact, there was testimony to show that it was his custom to have his clients provide him with signed copies of blank forms so that he could expedite matters such as instituting automatic premium loans and other matters.

I conclude that whether or not the assured relied on the statements made by the agent and whether or not the agent had authority to state that the automatic loan provision had been effected was a factual question properly submitted for determination by the jury.

The Court has stated many times before that it is not the Court's prerogative

to substitute its judgment for that of a jury.

Motion for Judgment N.O.V. is denied.

## MOTION FOR NEW TRIAL

It is contended the charge of the court was erroneous (a) as to ratification by the defendant of the agent's conduct; (b) as to failure to disregard certain evidence; (c) as to neglect to charge as to custom, and (d) as to inferences that may be drawn from failure to call witnesses or produce evidence.

Each of these matters has been fully and completely considered and evaluated together with a most meticulous review of the record and the charge as a whole.

Suffice to say, I believe the charge of the court was consistent with the facts, the inferences and deductions which could be drawn therefrom, and the applicable law.

The Motion for New Trial is denied.