# Waynesboro Mutual Fire Insurance Co. *versus* Conover.

1. A policy of insurance was issued containing clauses which provided that no suit should be maintainable thereon, unless brought within six months after a loss had occurred, and also that the company should not be deemed to have waived any condition of the policy unless such waiver was in writing signed by the president and secretary. A loss occurred and suit was instituted therefor, more than six months thereafter. *Held*, that the company was not estopped from setting up the breach of the condition of the policy by reason of the fact that the insured had been induced to postpone bringing suit through verbal representations of the general agent made to him to the effect that it was unnecessary to sue, that the company, through embarrassed, had made, or were about to make, an assessment upon its premium notes, and that it would pay without suit.

2. The representations made by the general agent were at any rate not the assertion of any fact past or present, but only a promise as to the future. The insured had no right to repose any confidence in such a promise, because there was, by the terms of the policy, an express exclusion of any authority on the part of the general agent to make it.

3. *Semble*, that even if the general agent had possessed sufficient authority to bind the company, his declarations in the present case would not have been sufficient to constitute an estoppel. In their essential features they related only to the future action of the company. As to what was said with regard to there being no necessity to bring suit, that was only an expression of the agent's personal opinion and not the assertion of a fact.

[Waynesboro Mutual Fire Ins. Co. *v.* Conover.]

June 15th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

ERROR to the Court of Common Pleas of *Franklin county :* Of May Term 1881, No. 81.

Covenant, by A. V. Conover & Co. against the Waynesboro Mutual Fire Insurance Company on a policy of fire insurance for $1,000, upon a hotel, which was totally destroyed by fire on the 25th of April, 1876. This suit was brought June 20th 1878. The policy, given in evidence, contained an express provision that no suit should be sustainable thereon, unless commenced within six months after the loss, and in case any suit be brought more than six months after loss, "the lapse of time shall be taken and deemed conclusive evidence against the validity of the claim thereby attempted to be enforced."

It also contained the following clause : "And said company shall in no case be deemed to have waived a full, literal and strict compliance with and performance of each and every of the terms, provisions, conditions and stipulations in this policy contained, and hereto annexed to be performed and observed by and on the part of the insured, and every person claiming by, through or under them, unless such waiver be express and manifested in writing under the signature of the president and secretary of said company."

On the trial, the plaintiff claimed that the defendant company had waived or were estopped from setting up the first above recited condition as a defense, and produced evidence, under objection, tending to show that shortly after the fire, they applied to the general agent of the company, one Reynolds, with a view to collecting the insurance; that Reynolds told them, that although the company was somewhat embarrassed, it was a good company and would pay this loss if time was given ; that they were making assessments, and all they wanted was time ; that there was no necessity for bringing suit, as the company would surely pay the loss ; that the plaintiffs, relying upon those statements, forbore to bring suit until after the expiration of six months.

The plaintiff requested the court to charge the jury, that, if they believed the evidence just referred to, "then the company is estopped from setting up that provision of the policy which requires suit to be brought within six months, as a bar to the plaintiff's recovery." *Affirmed.* (7th assignment of error.)

The court charged the jury, inter alia, as follows : "[Now, then, there is a third defense—that the action was not brought within six months after the fire. The policy requires that that should be done. That is a valid stipulation.] I read and refuse Mr. Sharpe's fourth point, which is : 'The sixteenth paragraph

2 OUTERBRIDGE—25

[Waynesboro Mutual Fire Ins. Co. *v.* Conover.]

of the policy, which declares that no suit shall be brought or be sustainable on the policy in any court after the expiration of six months from the loss, is against the policy of the law ; and cannot prevail to debar the plaintiffs of their right of action against the company, after the lapse of the said period of six months.' That point I refuse. That is a valid stipulation in the policy. [I instruct you that the plaintiffs are barred from recovering, because they did not bring their action in time, unless that requirement has been waived, or the company has estopped itself from insisting upon it. I see nothing which can properly be called a waiver; and the general agent could not, after the time expired—after the lapse of six months from the fire—could not have waived this provision without authority from the company; but he could within the six months, by inducing the plaintiff to postpone action by promising payment without suit, estop the company from setting up this forfeiture. After the six months had expired, he could not waive it without authority from the company; but while the time was running, before the six months were up, and whilst the plaintiffs might bring suit, if the general agent by his conduct induced the plaintiffs to postpone bringing their action, by declaring that a suit was not necessary, and that the money would be paid without suit, that would estop the company from setting up this provision. The company, like an individual, may be estopped from setting up that which would otherwise be a bar, by the acts and conduct of their agent. (See 2 Phil. R. 287.) " Now, Thompson Reynolds was the general agent of the company, with large powers ; in fact, with general powers. He was authorized to write policies. He wrote this policy. He was empowered to do everything necessary in his business of general agent. He represented the company in the matter of the policies issued by him. A corporation acts by its officers and agents. A general agent could do whatever any officer could do. The assured could go to him. He was the proper organ of the company for those who obtained policies through him.]

Verdict for the plaintiffs for $1,261.50, and judgment thereon. The defendant took this writ of error, assigning for error, the admission of the plaintiffs' evidence above referred to, the affirmance of the plaintiff's point, and the portions of the charge above quoted in brackets.

*Jere Cook* (*Joseph Douglas* with him), for the plaintiff in error.—The distinction between waiver and estoppel, taken by the learned judge below, is purely fanciful. The general agent, independent of authority from the company, has no more power

before than after the expiration of the six months to estop the company from setting up the forfeiture; where he has the authority, the estoppel operates because by his acts or declarations he has waived the condition of forfeiture and thus estopped the company from using it as a defense, but there is nothing in this case, which shows authority in the agent to make such declarations. On the contrary, the policy expressly declares that no agent could bind the company by waiver of conditions.

*J. McD. Sharpe* (*George W. Welsh* with him), for the defendant in error.—The question is not whether the general agent could waive a broken condition, but whether, the policy being in full life at the time he made the declarations, he could thereby estop the company from taking advantage of the breach of a condition, which *would not have been broken had it not been for his declaration.* That he might we think is clear upon the authority of Mentz v. Lancaster Fire Ins. Co., 29 P. F. Smith 475 ; Columbia Ins. Co. v. Masonheimer, 26 Id. 138 ; Insurance Co. v. Mowry, 6 Otto, 544; Lycoming Fire Insurance Co. v. Woodworth, 2 Norris 223; Mundorff v. Wickersham, 13 P. F. Smith, 89 ; Schroeder v. Keystone Ins. Co., 2 Philada. Rep. 286.

Mr. Justice GREEN delivered the opinion of the Court October 3d 1881.

This was an action on a policy of insurance against loss by fire. The building insured was destroyed by fire on April 26th 1876. The summons was issued on June 20th 1878, more than two years after the loss occurred. The 16th condition of the policy is in the following words viz. : " It is furthermore hereby expressly provided, that no suit or action of any kind against the company, for the recovery of any claim upon, under, or by virtue of this policy, shall be sustainable in any court of law or equity unless such suit or action shall be commenced within the term of six months next after the fire, and in case any such suit or action shall be commenced against said company after the expiration of said six months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of the claim thereby so attempted to be enforced."

Amongst the defenses set up against the plaintiffs' right of action, was the limitation contained in the foregoing condition. The validity of such a defense is established by the decision of this court in the case of Warner v. Insurance Co. of North America, 37 Legal Intelligencer 475, and is a necessary consequence of the express provisions of the contract. All this is conceded by the learned counsel for the plaintiffs. But they contend that the defendant is estopped from availing itself of this defense because one who, as they allege, was the general

·[Waynesboro Mutual Fire Ins. Co. *v.* Conover.]

agent of the company said to them before the six months had
expired, and upon being informed of their intention to bring
suit, that it was not necessary to sue, that the company was
somewhat embarrassed but had made, or was about to make, an
assessment, and the loss would be paid without suit, and there-
upon the plaintiffs, trusting to these representations, forbore to
bring suit until after the six months had expired.   The learned
court below admitted the evidence offered in support of this
allegation, under objection and exception by the company, and
left to the jury the question whether the representations had
been made as alleged, charging that, if believed, they constituted
an estoppel against the defendant as to this defense.   The
action of the court on this subject is made the basis of several
assignments of error.   We have reached the conclusion that
these assignments are sustained, and that on them the case must
be reversed.

To the reply of estoppel the company responded with the
ninth condition of the policy, which is in the following words :
" And said company shall in no case be deemed to have waived
a full, literal and strict compliance with, and performance of,
each and every of the terms, provisions, conditions and stipula-
tions in this policy contained and hereto annexed, to be per-
formed and observed, by, and on the part of, the insured, and
every person claiming by, through or under them, unless such
waiver be express and manifested in writing under the signature
of the president and secretary of said company."

It will be perceived by this language that both parties, the
plaintiffs as well as the defendant, agreed, as a part of the
policy, that there should be no waiver of a strict compliance
with any condition, unless such waiver should be expressed in
writing and signed by both the president and secretary of the
company.   It is not pretended there was any such waiver.   It
is not alleged that either the president or secretary agreed or as-
serted that the policy would be paid without suit, or that no suit
need be brought on it.   The utmost that is asserted is that
Reynolds, the agent who effected the policy, made such state-
ments.   These statements were communicated by plaintiffs to
their counsel, who thereupon advised them to let the matter
drop.   Mr. Reynolds gives a different version of the conversation,
and testifies that he told Dr. Conover that if any suit was to be
brought it would have to be done within a specified time.   The
court below allowed a recovery upon the effect of the verbal
declarations of Reynolds operating by way of estoppel.   But
the ·contract of the parties expressly excluded Mr. Reynolds
as a person who could make any binding declarations on the sub-
ject, whether written or verbal.   Only the president and secre-

[Dale v. Knepp.]

tary combined could dispense with the necessity of bringing suit within six months, and that by an agreement or declaration in writing. To this the plaintiffs agreed, in, and as a part of the very instrument upon which this suit is brought. In such circumstances the declarations or statements of Reynolds waiving the performance of conditions are absolutely nugatory. The parties have so agreed and the courts have no right to alter the agreement of the parties in this respect or in any other. Solemn contracts of parties reduced to writing and duly executed, would have little value if their provisions could be arbitrarily set aside and disregarded by the tribunals. This view of the case disposes of it. As Mr. Reynolds had, by the express agreement of the plaintiffs, no power whatever to waive performance of the conditions of the policy on behalf of the company, his declarations could not operate as an estoppel against setting up a breach of condition as a defence. Apart from this consideration, which is fatal, it is apparent that the representations of Reynolds were not the assertion of any fact, past or present, but constituted only a promise as to the future. The plaintiffs had no right under the policy to repose any confidence in such a promise, because there was an express exclusion of any authority on the part of Reynolds to make it. We are not prepared to admit that even if he had possessed sufficient authority to bind the company as to this matter, the declarations testified to by the plaintiffs were of such a character as to constitute an estoppel. In their essential feature they related only to the future action of the company, to wit, payment without suit. As to what he said in regard to there being no necessity to bring suit, it was only the expression of his personal opinion, and not the assertion of a fact. The fifth, sixth, seventh and eighth assignments of error are sustained. The consideration of the remaining assignments is unnecessary.

Judgment reversed.