## Beddall v. Citizens Insurance Company, Appellant.

*Insurance—Fire insurance—Sole ownership—Agent—Waiver.*

Where a policy of fire insurance provides that the contract of insurance shall be void "if the subject of insurance be a building upon ground not owned by the insured in fee simple," the policy is void if it appears that the building was on land leased by the insured. If such policy also contains a provision that no agent shall have power to waive any provision of the policy except in writing indorsed on the policy, the condition as to ownership of the land cannot be waived except in the manner stated.

Argued Dec. 7, 1904.    Appeal, No. 151, Oct. T. 1904, by defendant, from judgment of C. P. Schuylkill Co., March T., 1904, No. 22, on verdict for plaintiff in case of Thomas R. Beddall v. The Citizens Insurance Company. Before RICE, P. J., BEAVER, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit upon a policy of fire insurance. Before MARR, J. The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $877.70.    Defendant appealed.

*Error assigned* was refusal of defendant's first point, quoted in the opinion of the Superior Court.

*W. E. Ritter*, with him *J. O. Ulrich*, for appellant.—An agent may not waive the provision of a policy, in a matter outside the scope of his agency: Universal Ins. Co. v. Weiss, 106 Pa. 20; National Ins. Co. v. Brown, 128 Pa. 386; Flynn v. Ins. Co., 4 Pa. Superior Ct. 137; Hocking v. Ins. Co., 130 Pa. 170.

The insured is bound to know the contract which he has entered into, and if he is content with its provisions, it is too late after a loss has occurred to attempt to fasten a responsibility on the company which he knew during the life of the policy it did not possess: Mitchell v. Ins. Co., 51 Pa. 402; Diehl v. Ins. Co., 58 Pa. 443; Given v. Rettew, 162 Pa. 638.

On the general principle that a company is not bound to pay where the interest of the insured is not a fee, there is little or no difference among the courts of the various states: Security Ins. Co. v. Mette, 27 Ill. App. 324; East Texas Fire Ins. Co. v. Brown, 82 Tex. 631 (18 S. W. Repr. 713).

*E. A. Beddall* and *Charles A. Snyder*, for appellee.—If either party must suffer by the act of the agent, it must be the party whose agent he is: May on Insurance, sec. 122; People's Ins. Co. v. Spencer, 53 Pa. 353.

As between the parties, a policy of insurance must be construed most strongly against the insurance company which issued it: Grandin v. Ins. Co., 107 Pa. 26.

The company cannot take advantage of its agent's "oversight" to the plaintiff's disadvantage: Caldwell v. Fire Assn., 177 Pa. 492; Davis v. Ins. Co., 5 Pa. Superior Ct. 506; People's Ins. Co. v. Spencer, 53 Pa. 353.

OPINION BY MORRISON, J., October 9, 1905:

This was an action on an insurance policy to recover for the loss of a building by fire. The property burned was insured for $750. and was alleged to have been destroyed by

fire on January 6, 1899.    The trial resulted in a verdict for the plaintiff of $877.70 and judgment being entered thereon, the defendant appealed.

The undisputed evidence shows that the plaintiff did not own the land upon which the insured building was erected but occupied it by virtue of a lease.    The evidence also showed that a quantity of dynamite had been placed in the house several days prior to the fire and the defendant contended that it materially contributed to the destruction of the building.

The policy among other stipulations contained the following : " This entire policy, unless otherwise provided by agreement, indorsed here on or added here to, shall be void if the insured now has or shall hereafter," then follows various stipulations among which are the following : " or if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building upon ground not owned by the insured in fee simple."    Then follows prohibitory clauses in regard to benzine, benzol, dynamite, etc, which we do not quote for the reason that we propose to decide this case on the question of the insured building standing upon leased ground.

The policy also contained the following printed clause : " And no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of the policy may be the subject of agreement indorsed hereon or added hereto, and as to such conditions and provisions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions and conditions unless such waiver, if any, shall be written upon or attached hereto nor shall any privilege or permission affecting the insured under this policy exist or be claimed by the insured unless so written or attached."

The contention of the appellant is that the court erred in permitting a recovery, (1) because the assured did not own the land upon which the insured building stood, and there was no indorsement upon the policy or writing attached thereto, waiving this condition of the policy, and the agent was without power to waive it in any other manner, and that there is no sufficient evidence from which it can be found that the com-

pany, in any manner, ever had such notice that the building stood upon leased ground as will warrant a finding that this provision of the policy in that respect was waived ; (2) because the evidence showed that dynamite was kept, used or allowed to be on the insured premises ; and (3) because the loss of the building was caused partly by an explosion of dynamite, and there was no evidence from which the jury could infer how much of the loss was by fire and how much from the explosion of the dynamite.

We have stated the appellant's contention in full but only propose to discuss the first reason because we consider it sufficient to require a reversal of the judgment.

The defendant's first point was : " there is no testimony in this case to show that either the defendant company, or any person having authority to do so for it, waived the provision in the policy which makes it void if the subject of insurance be a building upon ground not owned in fee simple, and in the absence of such evidence, the plaintiff is not entitled to recover and the verdict should be for the defendant." This point was refused.

We are of opinion that this point should have been affirmed and, therefore, the first assignment of error must be sustained. We reach this conclusion for the following reasons : (1) We do not think there is sufficient competent evidence to sustain a finding that Garner, the agent who wrote the policy, ever had notice or knowledge that the insured building stood upon leased land ; (2) but if we are wrong in this view, it is very clear that Garner had no authority to waive the provision in the policy in regard to buildings standing upon leasehold except by endorsement in writing upon the policy or by writing attached thereto, and this stipulation in the policy was a complete notice to the insured of Garner's limited authority and the assured had no right to assume that the company had or would waive this provision, unless he found such waiver written upon or attached to the policy. It hardly seems necessary to argue or cite authorities in support of the proposition that the company could confer such limited authority upon its agent and bind all persons transacting business with him who had full notice of his limited power. The insured held the policy for a long time with the conditions as to leasehold plainly

printed therein and he must be presumed to have known that his policy was void by its plain terms, because the fact that the insured building stood upon leased land was not indorsed upon the policy nor attached thereto in writing.

In Schroedel v. Insurance Co., 158 Pa. 459, the Supreme Court held : " One of the stipulations contained in the contract sued on is : ' The entire policy shall be void . . . if the interest of the insured be not truly stated therein ; . . . or if the interest of the insured be other than unconditional and sole ownership.' The uncontradicted evidence was that the title to the property was in the plaintiff and his wife jointly. This, in the absence of any proof of fraud or mistake, as to the insertion of the stipulation above quoted, was a flat bar to plaintiff's recovery. There was therefore no error in directing a verdict for defendant."

In the case under consideration there is no claim of any accident, fraud or mistake as to the insertion of the stipulation in regard to the insured property standing upon ground not owned by the insured in fee simple. In Pottsville Mutual Fire Ins. Co. v. Minnequa Springs Improvement Co., 100 Pa. 137, the Supreme Court said (p. 142): " But even if any person, agent of the company or otherwise, had undertaken to waive this condition of the policy, such attempt would have been entirely abortive, unless it was made in accordance with the terms of the policy. The eleventh condition of insurance, annexed to and a part of the policy, contains an express condition that no waiver shall be effective, unless it be express, and manifested in writing under the signature of the secretary of said company. And no agent of this company shall have power to violate any of these conditions. And the nineteenth condition provides as follows. . . . No agent of this company shall have right or power to waive any of the foregoing conditions, unless fully authorized thereto by the secretary of of this company in writing. In the case of Waynesboro Mutual Fire Ins. Co. v. Conover, 98 Pa. 384, we held the insured bound by just such an agreement as this and we know of no reason why we should not hold the same rule in the present case."

In Bemis v. Insurance Co., 200 Pa. 340, it is held, as well stated in the syllabus: " Where a policy of fire insurance

provides that any change of title shall render the policy void unless otherwise provided by agreement, indorsed on the policy, the act of the insured in conveying the property without the consent of the company to a third person who subsequently reconveys it to the insured, renders the policy void. "

Upon the question of enforcement of stipulations contained in the policy see Lutz v. Ins. Co., 205 Pa. 159.

In Mentz v. Lancaster Fire Ins. Co., 79 Pa. 475, it is held, that general agents of an insurance company have no power to waive any express condition in the policy. In that case however, it was held that the company might be liable on the ground of estoppel. But in our case we discover no ground for holding the defendant estopped from defending for the reason that the insured building stood upon leased ground.

In Watchter v. Assurance Co., 132 Pa. 428, it is held as stated in the syllabus : " A principal is bound by the acts or conduct of his agent within the scope of his apparent authority, unless done with knowledge or notice in the person dealing with him of the actual extent of the agent's authority." This clearly recognizes the right of the principal to limit the agent's authority as to persons having notice or knowledge of such limitations. Now the point in the case under consideration is that the agent had no authority to waive the provision as to leased property, except by writing indorsed on or attached to the policy and of this the insured had full notice by the plain terms of his policy. Therefore, the duty rested upon him to see that the policy was made in accordance with the fact which was well known to himself.

Philadelphia Tool Co. v. Assurance Co., 132 Pa. 236, is cited and relied on by the appellee but we do not think it rules the case in hand. In that case the insurance was $1,000 on brick and frame buildings and $1,500 on machinery, etc., contained therein. At the trial it developed that the plaintiff had no title to the real estate and the jury was permitted to render a verdict for the plaintiff for the amount claimed as the insurance on the personalty, to wit: $1,590, subject to question of law reserved. The Court subsequently entered judgment for the defendant on the question reserved. On appeal to the Supreme court this judgment was reversed and judgment entered on the verdict. A careful examination of the

opinion by WILLIAMS, J., shows that there was no application in writing. The learned judge said : " This policy was issued without any application or written request describing the interest of the assured in the buildings. No actual representations of any sort upon the subject, oral or written, is alleged to have been made by or on behalf of the assured. We ought to assume that a policy written under such circumstances was written upon the knowledge of the representative of the insurer, and intended to cover in good faith the interest which the insured had in the buildings. . . .

" Applying these principles to the question now raised, we conclude that the policy written on the knowledge of the insurer was made in view of the facts of the case, and was intended to cover such interest in the buildings as the insured had." It should be noted that the recovery in that case was for the value of the personal property only, and the case was decided on the presumption of law, in the absence of an application, that the insurer knew just what the interest of the insured was and intended to insure it.

In the case under consideration no such presumption can arise, because the plaintiff contends that the policy was made upon a written application. Now taking the policy as the contract between the parties, the presumption would be that the insurer wrote the policy upon property held in fee, because the policy contains no averment that the interest of the insured in the property was less than a fee simple. It is at least doubtful whether the agent had any intimation that the building insured stood on leased ground. If he had, it was his duty to have noted it in the policy, and the presumption is that he would have discharged his duty. On the other hand, the insured well knew that he did not own the land upon which the building stood. He also knew that his policy was written as if upon fee simple property, and he knew further that by the plain terms of the policy it was void. In view of the limited authority of the agent and the knowledge of the insured conveyed to him by his policy, it would be a fraud upon the company to permit a recovery in this case. Manifestly there is a material difference whether the insured owned the land in fee simple or merely held it under a lease. The regulation of the company prohibiting insurance upon buildings standing upon

leasehold, except when that fact is written in the policy, is reasonable. It is, of course, for the purpose of bringing that fact to the attention of the company. In our opinion, under the facts in the present case, the defendant is entitled to the enforcement of its rule. We have also been referred to Caldwell v. Fire Association, 177 Pa. 492, but an examination of that case does not convince us that it rules our question. The leading thought in it, as stated by Mr. Justice STERRETT (p. 502) is: "Where at the time of issuing an insurance policy, the company knows that one of the conditions thereof is inconsistent with the facts, and the assured had been guilty of no fraud, the company is estopped from setting up the breach of said condition."

In the present case it cannot be contended that the company knew the property was situate on leasehold because that fact was not written in nor attached to the policy, and if the agent knew that fact, he had no authority to write the policy and deliver it as he did, and of his limited authority the assured had immediate notice by reading his policy, which he was bound to do.

In Duda v. Home Ins. Co., 20 Pa. Superior Ct. 244, we said (p. 249): "The question is not whether the assured had an insurable interest but whether he had the interest described in the policy." See also Kompa v. Ins. Co., ante, p. 425.

Upon principle and authority of the above cases, as well as many others which we have examined, the conclusion is reached that the plaintiff was not entitled to recover for the reason raised in the first point and the assignment of error thereon.

The judgment is reversed and judgment is now entered against the plaintiff.