# Robb, Appellant, *v.* Millers Mutual Fire Insurance Company.

*Insurance—Fire insurance—Stipulation as to employment of mechanics—Waiver.*

1. Where a policy of fire insurance provides that the insurance shall be void if mechanics are employed upon the building for more than fifteen days at any one time without the consent of the company, the court commits no error in holding as a matter of law that the insurance is void, where the uncontradicted evidence shows that the owner entered upon the specific work of raising the building, that this was done with a well defined plan as a whole to be carried on from commencement to completion, that the work was given to different contractors, no one of whom exceeded the fifteen days' limit, but that the work covered at least thirty days, not however consecutively, before its completion.

2. In such a case the company will not be deemed to have waived the forfeiture by evidence that at the time the insurance was placed the owner told the secretary of the company of the proposed change, and that the latter said that it was all right, and that it ought to be done and pretty soon, and that it would increase the value of the property and decrease the hazard. Such language of the secretary, even if it were more than a mere expression of his opinion, and held out as an

inducement to secure the contract, would not bind the company where it appears that both the written application for insurance and by-laws of the company printed in the policy stipulated that the company should not be bound by any act or statement of an agent, unless inserted in the application, indorsed on the policy, or otherwise acknowledged in writing by the president or secretary of the company.

Argued Oct. 20, 1910.  Appeal, No. 111, Oct. T., 1910, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1905, No. 569, for defendant non obstante veredicto in case of Harry D. Robb, doing business as the Fayette Milling Company, v. The Millers Mutual Fire Insurance Company.  Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ.  Affirmed.

Assumpsit on a policy of fire insurance.  Before DAVIS, J.

The opinion of the Supreme Court states the facts.

The jury returned a verdict for plaintiff for $6,375. The court subsequently entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*L. K. Porter,* of *Porter & Kennedy,* and *Frederic W. Miller,* with them *John S. Robb,* for appellant.—The construction by the court is a forced construction, but even if it were not, the secretary assented and agreed to the thing complained of, thereby waiving the condition: Western, etc., Pipe Lines v. Ins. Co., 145 Pa. 346; McKeesport Machine Co. v. Ins. Co., 173 Pa. 53; People's Ins. Co. v. Spencer, 53 Pa. 353.

*G. K. Wright,* of *McKee, Mitchell & Alter,* for appellee, cited: People's Ins. Co. v. Spencer, 53 Pa. 353; State Mut. Fire Ins. Co. v. Arthur, 30 Pa. 331; Com. Mut. Fire Ins. Co. v. Huntzinger, 98 Pa. 41; Pottsville Mut. Fire Ins. Co. v. Fromm, 100 Pa. 347; Blooming Grove Mut. Fire

Ins. Co. v. McAnerny, 102 Pa. 335; Beddall v. Ins. Co., 28 Pa. Superior Ct. 600.

OPINION BY MR. JUSTICE STEWART, January 3, 1911:

This was a suit on a policy of fire insurance, resulting in a verdict for the plaintiff. A motion for judgment non obstante prevailed in the court below, and the appeal is from the judgment thus entered. In the opinion filed the plaintiff's case was adjudged insufficient on several grounds. But one of these needs to be considered. The policy sued on contains this express stipulation, "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto shall be void . . . . if mechanics be employed in building, altering or repairing the within described premises for more than fifteen days at any one time." The insurance was upon a two and a half story frame building used and occupied for milling purposes, and the machinery and fixtures therein. The policy issued May 26, 1900. We derive from plaintiff's testimony these facts. Shortly after the policy issued various changes and improvements were made within the mill by mechanics employed for the purpose; but in none of these did the employment of the mechanics exceed fifteen days. ·All these changes were made in the early months of 1901, and nothing more was done, excepting some repairs to the roof, until sometime in August, 1904, when the plaintiff entered upon the specific work of raising the main building fifteen feet, in order to supply an additional story. Mechanics were employed to do this work, and they were so engaged until towards the close of the following month. The exact date of completion does not appear, but it does conclusively appear from the plaintiff's testimony, that the mechanics were engaged in the work for more than fifteen days. It would be almost a necessary inference from plaintiff's testimony that mechanics were engaged on this work for at least thirty days, not consecutive however, before its completion. The work involved raising the roof, a new or addi-

tional foundation, and change of the basement into practically a new story with new floors. It was all done in accordance with a well-defined plan as a whole, designed as a continuous piece of work, to be carried on from commencement to completion. The work was given to different contractors. So far as time taken for the particular work of each, no one exceeded the fifteen days limit. Upon this exhibit of the case, the interpretation of the provision in the policy above referred to, was for the court. The learned trial judge in his opinion sustaining the motion for judgment, held that the alterations and repairs from their nature, plan and design, were to be considered as a piece of continuous work from the time of beginning until completion, and that prolonging it beyond fifteen days was in contravention of the policy, except as the excess of time was allowed by the defendant company. In this conclusion we entirely agree. Any other view would defeat wholly the manifest purpose of the stipulation, and strip it of all meaning. The answer made to this is, that the stipulation was waived by the defendant's agent at the time of the taking out of the policy. The plaintiff testified that in the negotiation leading up to the policy, he told the agent what changes he proposed to make in the building, and that with respect to each proposed change the agent, who was secretary of the company, said that it was all right. What was said between them with respect to raising the building, as derived from plaintiff's own testimony, occurred while they were together in the basement. The plaintiff said to the agent "this place is too low, and sometime in the future we will have to raise this main part of the building up, as soon as we get able." The agent said in reply "That's all right; that ought to be done and pretty soon. This story is too low, there is not ventilation enough here." After plaintiff indicated how the additional space in the basement would advantage, the agent remarked "That is all right; that will increase the value of the property and decrease the hazard." There was no con-

versation between them as to the time that would be required to make any one or all of these proposed changes. To allow a jury to find upon such evidence a waiver by the insurer of the fifteen days' limit, would be utterly beyond reason, in view of the fact, that the plaintiff nowhere says that he so understood it and acted upon the faith of it in making his improvements. The reply of the agent with respect to each of the proposed improvements, may, for all the plaintiff says, have been a mere expression of opinion as to the desirability of the change from an owner's standpoint; if made as an inducement to the contract of insurance, it could mean nothing more than an allowance that the particular improvements referred to would not enhance the risk of the insurer. It might be that in face of such allowance by the agent, the insurer would not be justified in refusing the insured an extension beyond the fifteen days, had such extension been requested in order to complete any of the work entered upon; but this would not involve a waiver of the stipulation that no repairs should in their making exceed fifteen days. It might, as we say, conclude the insurer as to the right of the insured to make the particular repairs, without avoiding the policy on account of increased risk, were there nothing in the contract to overcome it; but that could not be the case here, for in the written applications on which the policy was issued, this appears, "It is further agreed that this company shall not be bound by any act of or statement made to or by any agent restricting or waiving its rights or varying its written or printed contracts either before or after a loss, unless inserted in this application, indorsed on the policy, or otherwise acknowledged in writing by the president or secretary of said company." This condition written on the plaintiff's application was a clear statement of terms on which the defendant company was asked by the plaintiff to issue its policy. Whether he knew it was in his application or not, he must be held to have known it; for if he did not, he alone was in fault. In advance of the

issuing of the policy and as a condition of its issue, he agreed that he would not hold the company to any waiver of any of the terms of the policy except as it was indorsed on the policy or otherwise acknowledged in writing. Furthermore, this same stipulation or condition, is recited in the by-laws of the company, a copy of which is printed in the policy, so that the insured both before and after accepting the policy had notice of such requirement. Under such circumstances, conceding a waiver by the agent, the plaintiff would be in no situation to enforce it. But there was no waiver. The plaintiff's case showing positive noncompliance with the condition of the policy in the particulars discussed, and no sufficient excuse appearing, the case was not one for the jury. It is unnecessary to discuss other features of the case.

The assignment of error is overruled and the judgment is affirmed.