## Devaney *v.* Northwestern National Insurance Company, Appellant.

*Insurance—Fire insurance—"Vacant or unoccupied"—Waiver— Estoppel—Authority of agent.*

Where a policy of fire insurance provides that the policy shall be void if the property "be or become vacant or unoccupied and so remain for ten days," and that an agent could by endorsement on the policy, but not otherwise, grant permission for nonoccupancy for a longer period than ten days, a verbal assurance made by an agent to the insured when the latter informs him that the property is vacant, that a permit of vacancy endorsed on the policy is not necessary, will not estop the company from claiming a forfeiture of the policy if a fire occurs during the period of vacancy.

Argued March 8, 1916.    Appeal, No. 2, March T., 1916, by defendant, from order of C. P. Lackawanna Co., March T., 1915, No. 771, dismissing exceptions to report of referee in case of John J. Devaney v. The Northwestern National Insurance Company.    Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit on a policy of fire insurance.

The case was referred to M. J. Martin, Esq., who reported in favor of the plaintiff.    Exceptions to the referee's report were dismissed in an opinion by EDWARDS, P. J.

*Error assigned* was the order dismissing the exceptions.

*F. R. Shattuck,* for appellant.—The vacancy clause is effectual without any action on the part of the company: Moore v. Niagara Fire Ins. Co. of N. Y., 199 Pa. 49; Dolliver v. Granite State Fire Ins. Co., 50 L. R. A. 1106.

There was no estoppel: Hottner v. Rachen, Etc., Fire Ins. Co., 31 Pa. Superior Ct. 461; Hardiman v. Fire Assn. of Philadelphia, 212 Pa. 383; Watertown, Etc., F. Insurance Co., 90 Pa. 277; Moore v. Niagara F. Ins. Co., 199 Pa. 49; Imperial Fire Ins. Co. v. Dunham, 117 Pa. 473.

*Joseph O'Brien,* of *O'Brien & Kelley,* with him *F. M. Monaghan,* for appellee.—Notwithstanding a stipulation in a policy that nothing less than an expressed agreement endorsed thereon shall be construed as a waiver of its conditions, parol testimony is admissible to show a waiver by acts in pais of the insurance company: McFarland v. Kittanning Ins. Co., 134 Pa. 590; Mix v. Royal Insurance Co., 169 Pa. 639; Gould v. Dwelling-House Ins. Co., 134 Pa. 570; Coursen v. Pa. Ins. Co., 46

Pa. 323; Stewart v. General Acc. Ins. Co., 39 Pa. Superior. Ct. 396.

An insurance company is bound to good faith towards the assured, and if with the knowledge in its possession of every fact upon which to avoid the policy it misleads the plaintiff for a long time, subjects him to expense, and delay, and never informs him that the company would not pay because the policy was avoided, it has no ground to complain if held to be estopped from setting up such defense: Niagara F. Ins. Co. v. Miller, 120 Pa. 504; Stewart v. General Acc. Ins. Co., 39 Pa. Superior Ct. 396; McFarland v. Killarney Ins. Co., 134 Pa. 590.

OPINION BY WILLIAMS, J., October 9, 1916:

The defendant company issued its policy dated December 16, 1908, to Catherine Devaney insuring a dwelling house in the sum of $1,200. The policy was assigned September 4, 1909, to John J. Devaney, who brought this action to recover a loss sustained by a fire which occurred August 1, 1910. The case was first submitted to arbitrators, then a jury trial was had and a new trial being necessary, the parties agreed to a reference. The referee's findings are based upon the evidence taken at the jury trial with additional testimony as to the bona fides of the appraisers.

When insured, the premises were occupied as a dwelling house, but from December, 1909, until August 1, 1910, when the fire occurred, were vacant and unoccupied.

The policy contained inter alia, the following provisions: "This entire policy shall be void......if the building herein described, whether intended for occupancy by the owner or the tenant, be or become vacant or unoccupied, and so remain for ten days.......No ......agent......of this company shall have the power to waive any condition or provision of this policy, except such as by the terms of the policy may be subject of agreement endorsed hereon and added hereto......and

as to such provisions and conditions no......agent
......shall have such power or be deemed or held to
have waived such provisions or conditions unless such
waiver, if any, shall be written upon or attached hereto,
nor shall any privilege or permission affecting the insur-
ance under this policy exist or be claimed by the insured
unless so written or attached."

The referee's eleventh and twelfth findings present all
the facts which raise the principal question in the case.
They are as follows: "In March, 1910, or after the prop-
erty had been vacant for a period of three months, Mr.
Devaney, the insured, came to the office of the counter-
signing agent of the defendant company, and told the
agent of the defendant company that his property had
been vacant for a long while (more than ten days); that
he wanted a permit of vacancy, one that would make the
insurance good while the place was vacant. The agent
thereupon stated in substance: 'It is all right. This
notice makes it all right. It is not necessary to give a
written permit. You can go ahead and get a tenant,
and after the tenant goes in let us know.' Devaney
claims that Conrad told him to come back in thirty days,
and that he, Devaney, did go back every thirty days un-
til the time of the fire. This I am unable to find as a
fact. I do find, however, that Devaney had another talk
with Mr. Conrad, the agent, within thirty days of the
fire, in which Devaney told Conrad that the place was
vacant, and that he was looking for a tenant. There-
upon Conrad told Devaney that if he was looking for a
tenant and would get one in a few days there would be
no necessity of putting a permit upon the policy, and
that his insurance was all right."

The referee arrived at the conclusion that the defend-
ant company was estopped by the conduct of its agent
from taking advantage of the forfeiture clause.

The court on exceptions affirmed the decision of the
referee. The opinion, inter alia, says: "In any discus-
sion of this case certain propositions must be considered

as settled. First, the plaintiff and defendant are equally bound by the terms of their contract of insurance; second, the property insured having remained vacant for several months before the plaintiff went to see the agent as to a permit, it is clear that the plain condition of the policy (regarding vacancy) was broken and that the contract of insurance was void; that no agent of the company could waive any condition of the contract unless by written endorsement on the policy." The court was of opinion, however, that the defendant was equitably estopped from setting up the forfeiture and affirmed the findings of the referee and entered judgment on them. From that judgment the present appeal has been taken.

As the policy was void when Devaney called on Conrad, who had no power to waive any condition unless by written endorsement, and in fact he did not make any endorsement on the policy, the question for our determination is: Was the company estopped by the statement of Conrad, its agent, made by him to the plaintiff? It should be borne in mind that the policy permits a vacancy of not more than ten days.

The court below bases its conclusion, that the company was liable upon the statement made by Conrad, the agent, holding that when he said to the plaintiff "It is all right. It is not necessary to get a written permit," it was such a waiver of the conditions of the policy as would bind the company and it was thereby estopped from claiming the policy was void by reason of the vacancy. To sustain this contention it is necessary to set aside the covenants in the policy. A company may be estopped by the authorized acts of its agents and by the misrepresentations of its general agents: Mentz v. Armenia Fire Ins. Co., 79 Pa. 478; Wachter v. Phœnix Assurance Co., 132 Pa. 428; Light v. Countrymen's Mut. Fire Ins. Co., 169 Pa. 310; Highlands v. Lurgan Mut. F. Ins. Co., 177 Pa. 566; Smith v. West Branch Mut. Fire Ins. Co., 31 Pa. Superior Ct. 29. In the latter

case the policy contained a provision that additional insurance would void the policy, unless assented to by endorsement on the policy and it was held that this condition was not waived by evidence that the insured informed the agent of the additional insurance but made no effort to secure the endorsement on the policy. The plaintiff, Devaney, was not only bound to know the conditions of the policy but he did have actual knowledge, for he testified "my sister had drawed my attention that I should notify the company, my insurance company which I then did by going to Carbondale, getting my policy and coming back and going to Mr. Conrad's, and told him the situation truthfully." Conrad was not a general agent. Under the policy he could, by endorsement on it, not otherwise, grant permission for non-occupancy for a longer period than that contained in the policy, i. e., more than ten days, but he did not. The plaintiff is himself estopped from setting up the alleged waiver for his policy provides "nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

In Robb v. Millers, Etc., Ins. Co., 230 Pa. 44, the policy contained a stipulation that if mechanics be employed in the building, altering or repairing it for more than fifteen days the policy should be void. The plaintiff testified that in the negotiation leading up to the policy he told the agent what changes he proposed to make in the building, and that with respect to each proposed change the agent, who was the secretary of the company, said it was all right. The policy provided that the conditions of the policy could not be waived by its agents "unless inserted in this application, endorsed on the policy, or otherwise acknowledged in writing by the president or secretary of said company." STEWART, J., says (48): "This condition written on the plaintiff's application was a clear statement of terms on which the defendant company was asked by the plaintiff to issue its policy.

Whether he knew it was in his application or not, he must be held to have known it; for if he did not, he alone was in fault. In advance of the issuing of the policy and as a condition of its issue, he agreed that he would not hold the company to any waiver of any of the terms of the policy except as it was endorsed on the policy or otherwise acknowledged in writing. Furthermore, this same stipulation or condition, is recited in the by-laws of the company, a copy of which is printed in the policy, so that the insured both before and after accepting the policy had notice of such requirement. Under such circumstances, conceding a waiver by the agent, the plaintiff would be in no situation to enforce it." A stipulation in the policy that no agent has power to modify the terms of the contract or waive its conditions is notice to the insured of the limited authority of the agents in these respects, and under such stipulation insured cannot rely on any actual conduct of the agent as constituting a modification or waiver. This rule will bar the insured from setting up waiver or estoppel to take advantage of the forfeiture: Beddall v. Citizens Ins. Co., 28 Pa. Superior Ct. 600.

The assurance given by the agent in this case was merely an expression of opinion, and this has been held not to be a waiver or estoppel in several of our cases: Smith v. Ins. Co., 31 Pa. Superior Ct. 29; Hottner v. Ins. Co., 31 Pa. Superior Ct. 461. The contention that the acquiescence of the company in the appraisement "fed the estoppel" is untenable. The policy expressly provided that such a submission to an appraisement would not constitute a waiver of any breach of any condition in the policy. This the insured was also bound to know under the cases above cited.

An insurance policy is to be most strongly construed against the insurance company and reasonable effect must be given it so as not to defeat, unless there is imperative necessity to do so, the indemnity which the insured thought he had secured through the policy: McClure v.

Mut. Fire Insurance Co., 242 Pa. 59, and cases cited therein. In that case a doctrine, of substantial compliance with the terms and condition of the policy, is established, in which a breach of a condition does not avoid the policy but merely suspends the risk during the continuance of the breach. The appellee, in his counter history of the case, says: "The plaintiff bases his right to recover upon the theory that the defendant company, through the action of its agent, when, on accepting notice of the vacancy, it gave plaintiff the assurance that a written permit was not necessary, and that his insurance was safe, put a construction on the policy, lulled him into a sense of security and misled him, whereby the defendant company was estopped from setting up the defense of violation of the vacancy clause of the policy." The court below, however, says the contract was void and no agent could waive any condition of the contract unless by writing on the policy—and this was not done.

If the agent could not waive except by endorsement and no endorsement was made, then there is no waiver either by the company or its agent, because it was beyond the power of the agent to waive in any other way than by endorsement. How can there be any estoppel? The company would only be estopped by some act of its agent having authority to do what he is said to have done. If it be conceded he has no authority to waive, except in a way not used, how can it be said that his principal is bound? There is no estoppel raised by the facts of this case that would prevent the company from asserting the forfeiture. The plaintiff had no right to rely on the statement of the agent that an endorsement was not necessary in the face of an express condition of the policy of which he must be presumed to have knowledge, that such waivers must be endorsed on the policy: Robb v. Millers Mut. F. Insurance Co., 230 Pa. 44; Beddall v. Citizens Ins. Co., 28 Pa. Superior Ct. 600; Waynesboro Mut. F. Ins. Co. v. Conover, 98 Pa. 384. To

follow the construction given by the court below to Mc-Clure v. Ins. Co., supra,' to its logical conclusion would be to make the construction of a solemn covenant between the parties as flexible as the construction of a will, but the Supreme Court said provided it "can be done without doing violence to the intention of the contracting parties." Clearly to sustain the court below in its reasoning would be to do the greatest violence to the intention of the contracting parties and we are not inclined to agree to such a proposition. Whether the policy was avoided or merely suspended, the risk did not attach as long as the house was vacant and a fire having occurred during a suspension of the risk, the forfeiture is the same as if the policy had been avoided. The clemency of the courts towards the insured can only be applied where there is doubt as to whether there has been a breach, warranting a forfeiture, which was in existence at the time of the loss. In the present case the breach is admitted to have been existent at the date of the loss and to hold that there is still doubt as to a forfeiture would make such clauses nugatory and useless and greatly hinder the carrying on of a most beneficial form of indemnity. As was said in Hardiman v. Ins. Co., 212 Pa. 383, 391: "The condition that the policy should be void if the property become vacant or unoccupied and so remain for ten days was made a part of the contract, and the company had a right to rely on it."

The only real question in the case, i. e.—estoppel, being answered in favor of the defendant, the other questions become immaterial and need not be considered.

The judgment is reversed. The record is remitted to the court below with direction to enter judgment for the defendant.