Turner, J.
 

 We are of the opinion that the decision in this case is controlled by the provisions of Section 9586, General Code, set out below.
 

 
 *220
 
 The answer of defendant contains the following admissions:
 

 “This defendant admits and alleges that on or about November 5, 1942, and thereafter until April 29, 1944, said John E. LaMee an$ Insurance Underwriters, Inc., a corporation of which John E. LaMee was the president and the sole owner and operator, were agents of this defendant with certain specified limitations upon their authority and that said John E. LaMee then had authority to modify the conditions of this defendant’s policies written through him as agent and duly countersigned by him solely in the manner provided for in said policies. *
 
 *
 
 *
 

 “This defendant admits that on or about September 14, 1943, said John E. LaMee transferred all his title and interest to the premises described in plaintiff’s petition do his brother Clyde D. LaMee; this defendant admits that said John E. LaMee also on or about September 14, 1943, transferred all his right, title and interest in and to said policy of fire insurance No. OFW 1001, as described in plaintiff’s petition, to his brother Clyde D. LaMee.
 

 “This defendant admits that the said John E. LaMee neglected, as agent for The Franklin Fire Insurance Company or otherwise, to endorse the assignment of the policy of fire insurance on the face of the policy or to attach any assignment to the policy so as to indicate thereon the change of interest and ownership. This defendant alleges that no agreement was ever at any time'endorsed upon or added to said policy consenting to said assignment of said policy by said John E. LaMee to said Clyde D. LaMee.”
 

 Section 9586, General Code, provides:
 

 “A person who solicits insurance and procures the application therefor, shall be held to be the agent of the party, company or association, thereafter issuing
 
 *221
 
 a policy upon such application or a renewal thereof, anything in the application or policy to the contrary notwithstanding. ’ ’
 

 The majority members of the Court of Appeals were of the opinion that Section 9586, General Code,
 
 supra,
 
 -did not apply to the facts in this'case and stated:
 

 “At the time of the transfer of the title of the property from John E. to Clyde D. LaMee, John E. had no authority to bind the Franklin to accept Clyde D. as the insured. Whatever he did or promised at that time was as agent for Clyde D. * * *”
 

 We are of the opinion that the foregoing is a wrong-legal conclusion from the admitted facts.
 

 There is no question that John E. LaMee was authorized to solicit insurance and procure applications therefor. We take judicial notice of the fact that as a matter of almost daily occurrence policies of fire insurance are assigned pursuant to the agent’s agreement to issue later the company’s consent to the assignment. Furthermore, the consent to the transferís to be signed by the agent and becomes binding prior to the forwarding of any notice to the company.
 

 In the course of the opinion in the case of
 
 John Hancock Mutual Life Ins. Co.
 
 v.
 
 Luzio,
 
 123 Ohio St., 616, 176 N. E., 446, Judge Jones said at page 625:
 

 “The agents of fire insurance companies ordinarily have the right to bind their companies before they actually issue the policy, to attach riders thereto, to make deliveries thereof, and to pass upon the insurability of the property. They are clothed with powers not given to mere soliciting agents, who are employed to sell life insurance but have no authority to pass upon the insurability of the applicants.”
 

 In construing the term “a person who solicits insurance” we must keep in mind the general duties of the solicitors of different kinds of insurance and their established procedures.
 

 
 *222
 
 In the case of
 
 Lind
 
 v.
 
 State Automobile Mutual Ins. Assn.,
 
 128 Ohio St., 1, 190 N. E., 138, Judge Zimmerman, at page 11, quoted from the case of
 
 LeBlanc
 
 v.
 
 Standard Ins. Co.,
 
 114 Me., 6, 95 A., 284, decided under a Maine statute providing that agents of insurance companies shall be regarded as in the place of the companies, in all respects concerning any insurance effected by the agents, as follows:
 

 “The statute recognizes what common experience teaches. Men commonly do all their insurance business with agents — agents appointed by the companies. They have no direct dealings with the companies. * * * They go to the agents when losses have occurred, and pursue the steps pointed out by them in proving the losses. To the insured the agent is for all practical purposes the company. Good public policy then requires that the companies that appoint these agents and hold them out as their representatives shall be bound by what they do, and that if an agent acts without authority, or in excess of authority, his principal should bear the consequences, rather than the insured, who trusted him. ’ ’
 

 There was no notice to the insured that any notice of the assignment of interest was necessary to be given to anyone other than the company’s agent. In the body of the policy appears the following blank:
 

 “Assignment of Interest by Insured
 

 “The interest of-as owner of the property covered by this policy is hereby assigned to-subject to the consent of The Franklin Eire Insurance Company of Philadelphia, Pa.
 

 a_
 

 “ (Signature of the Insured)
 

 1
 
 ‘ Dated-19 — >
 

 “Consent by Company to Assignment of Interest
 

 “The Franklin Fire Insurance Company of Phi la
 
 *223
 
 delphia, Pa., hereby consents that the interest of-as owner of the property covered by this policy be assigned, to-.
 

 “Dated-19— -Agent.”
 

 There can be no question that the insurance agent was authorized to consent to the assignment of interest without first communicating with the defendant. We see no difference between the assignment of the policy and the issuance of a new policy except that where an assignment-is made the coverage continues only for such time as is represented by the amount of unearned premium.
 

 As said by Judge Okey in the case of
 
 Amazon Ins. Co.
 
 v.
 
 Wall,
 
 31 Ohio St., 628, 633: “• * *Wall desired insurance on the property, and it was quite immaterial to him whether he obtained it through a new policy or by an assignment of the policy issued to Gillespie. The exact condition of the property — the conveyance to Wall and the new mortgage to Gillespie — was fully explained to Parker, the agent, and with such knowledge he agreed that Gillespie’s policy, when assigned to Wall, should have the force and effect of a new policy. Wall, believing Parker’s statement that this was the proper course, relied and acted omit. Under such circumstances, however the transaction may be viewed, it is very clear that the company is estopped to deny such act,of its agent.”
 

 The majority of the Court of Appeals was impressed by provisions contained in the policy. However, it is clearly provided in Section 9586, General Code, that tbe person who solicits insurance is to be held as the agent of the company
 
 anything in the policy to the contrary notwithstanding.
 

 As is pointed out in the dissenting opinion of the Court of Appeals:
 

 “John E. LaMee, as agent, was authorized to en
 
 *224
 
 dorse assignments and accept transfers for Ms principal, subject to Franklin’s approval.
 

 “The representations made by said agent to his brother at the time he conveyed the property were clearly within the scope of his authority and Clyde D. LaMee had a right to rely on same. This transaction preceded the loss by more than eight months.
 

 “Some six weeks before the loss, irregularities in the conduct of the insurance agency of John E. LaMee came to the attention of Franklin and other interests represented by said agency. Herbert H. Chittenden, in charge of the supervisory office of Franklin for the state of Ohio, with the help of his associateá, undertook to effect a settlement in order to save the business of the agency or, if not able to do so, then to salvage what they could of the assets. Negotiations were participated in by* both the LaMees and other claimants, and extended over a period of several weeks.
 

 “Among the assets of the agency were the unearned premiums of. fire insurance policies, including the unearned premium on the policy covering the property transferred to Clyde D. LaMee.
 

 “Knowledge of the transfer of the property came to the attention of these special representatives of Franklin at the time they came to Toledo with authority to straighten out the affairs of the local 'agency. With this knowledge, Franklin had the opportunity and the right to cancel this policy on ten days’ written notice. Clyde D. LaMee was not informed of the failure of Franklin’s agent to perform Ms duty. No such notice having been given, and relying on the representations of Franklin’s agent, he continued to believe his property was adequately protected against loss or damage by fire and thus was lulled into a sense of false security by the conduct of Franklin’s agents acting within the scope of their employment.
 

 
 *225
 
 “During the negotiations above mentioned, Franklin was in the same position to exercise its right of choice, having actual knowledge of the transfer, as it would have bad if its agent in the first instance had performed his duty and caused the policy to be assigned in writing and had executed the acceptance in due form.
 

 “It is by reason of these facts that I come to the conclusion that Franklin waived its right to refuse to accept the transfer of the policy and is estopped to deny liability thereon.”
 

 In the majority opinion it was said:
 

 “In the light of the provisions of the policy, and the effect the courts of Ohio have given them, this court can not say, either that The Franklin waived any of the policy provisions, or was estopped from asserting them, and by them its obligation to the insured John E. LaMee ceased on the transfer to Clyde D.”
 

 It is not necessary for us to pass upon the question of estoppel as we are of the opinion that under the provisions of Section 9586, General Code, the assignment of a policy of fire insurance to a new owner of the property covered does not differ in principle from the solicitation of a new policy on the same property.
 

 Therefore the judgment of the Court of Appeals should be and hereby is reversed and the judgment of the Court of Common Pleas should be and hereby is affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.