## Gates v. Nationwide Mutual Insurance Company (No. 2)

*Bernard Goldstone*, for plaintiff.

*George H. Rowley*, for defendant.

McKAY, J., July 1, 1964.—In this action of assumpsit on an insurance policy, defendant has moved for a

new trial and for judgment n. o. v. following a verdict in favor of plaintiff. In the present motions it is the position of defendant that we erroneously submitted two issues to the jury and that without the findings of the jury thereon there was not enough evidence to support the verdict. The relevant facts will be stated under each of the issues questioned.

*I. The Oral Notice of Assignment of Interest*

On March 18, 1958, Jack J. Gates and Mickey McVeigh were partners engaged in a food business at 1839 Elm Street, N.E., Warren, Ohio, known as the Golden Dawn Supermarket. On that date, defendant company issued to them a policy of insurance, insuring them against loss by theft or disappearance of funds in their business. The issuing agent of defendant was John Bachrik, Gate's brother-in-law. The policy provided in part as follows:

"12. CHANGES: Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the Company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of the policy; signed by the President, Vice President or Secretary, and countersigned by a duly authorized representative of the Company."

"15. ASSIGNMENTS: Assignment of interest under this policy shall not bind the Company until its consent is endorsed hereon; if, however, the Insured shall die, this policy shall cover the Insured's legal representative as Insured; provided that notice of cancellation addressed to the Insured named in the declarations and mailed to the address shown on this policy shall be sufficient notice to effect cancellation of this policy."

In January, 1959, the partners, being in financial straits, incorporated their business under the name of Gates and McVeigh, Inc. The partners were the sole

stockholders except for a wholesale grocery company, Golden Dawn Foods, to which they were indebted and which took stock in the new corporation to protect its indebtedness. Shortly after the incorporation had been effected Gates informed Bachrik, from whom they had purchased the policy, of that fact and Bachrik told Gates that he would "take care of" changing the name on the policy to the corporate name. Thereafter the partners, relying upon Bachrik's statement, did nothing further. In particular, they did not see to it that a written assignment of interest endorsement was obtained from the company, and attached to the policy which was in their possession.

On January 23, 1962, $4,414.73 was abstracted from the corporation. When a claim for the loss was presented to defendant, it refused to honor it, claiming that the partners were not entitled to be reimbursed because it was the corporation that had suffered the loss and that the corporation would not be paid because it was not the assured named in the policy. The company did not question that the loss had been sustained.

The suit was originally brought in the name of the partners as plaintiffs, but later the complaint was amended to assert, in the alternative, that the corporation was entitled to recover for the loss. We directed a verdict for defendant in the suit of the partners but submitted the suit of the corporation to the jury.

In addition to the facts recited above, plaintiffs' evidence also showed that Bachrik's name appeared in writing on the policy above the words "Authorized Agent"; and that the corporation paid the annual premiums on the policy from 1958 to 1963 with corporation funds by checks on which the name of the corporation was printed. On the other hand, Bachrik, testifying for defendant, said that he had no authority to waive any of the provisions of the policy. We submitted to the jury the question whether, under all of the evi-

dence, Bachrik had authority to waive the requirement of the policy that the assignment of interest be noted on the policy by written endorsement and whether by telling Gates that he would "take care of" the matter, i.e., seeing to it that the assignment and consent were attached to the policy, Bachrik waived the requirement.

The policy was made and was intended to be performed in Ohio. Hence the law of that State governs in its construction.

Under the law of Ohio, a provision of an insurance policy relative to the assignment of interest therein may be waived by a duly authorized agent of the company: 30 Ohio Juris 2d, §782.

Even a provision that a waiver must be in writing may itself be waived by accepting an oral notice, provided the agent has the requisite authority: Ohio Farmers Ins. Co. vs. Cochran, 104 Ohio 427, 135 N. E. 537.

In the present case, there can be no doubt that there was ample evidence from which the jury was warranted in finding that Bachrik orally waived the policy requirement that the assignment of interest of the partnership to the corporation be evidenced only by a written endorsement.

The only serious question is whether Bachrik had authority to waive the requirement.

Again referring to the law of Ohio, we note that The Revised Code of Ohio, §3929.27 provides,

"A person who solicits insurance and procures the application therefor shall be considered as the agent of the . . . company . . . thereafter issuing a policy upon such application or a renewal thereof, despite any contrary provisions in the policy . . ."

Construing this clause, the Ohio Court of Appeals in the Case of Hall vs. Franklin Fire Insurance Company of Philadelphia, 149 Ohio 216, 78 N. E. 2d 360 (1948), held that the statute applied to the assignment of a fire policy.

In that case, the owner of the insured premises conveyed them to his brother and reported the transaction to the fire insurance agent of defendant company, whereupon the agent told the brother assignee that the latter was covered by the fire insurance as to the property so transferred, although the agent failed to endorse the assignment on the policy and notify defendant company thereof. The policy provided inter alia that it would be void if assigned unless the agreement was endorsed on the policy and again that the policy "unless otherwise provided by agreement endorsed hereon or added hereto, shall be void . . . if any change . . . take place in the interest, title or possession of the subject of insurance . . ." The court, at page 365, referred to the provisions of section 9586 of the General Code, reenacted in the Revised Code, quoted above, and stated that "the assignment of a policy of fire insurance to a new owner of the property covered does not differ in principle from the solicitation of a new policy on the same property." The court then held that since the agent had full authority to issue a new policy, there was no difference between the assignment of the policy and the issuance of a new one and hence that the agent who had full power to issue a new policy was equally authorized to consent to the assignment of interest without first communicating with defendant.

It is suggested that the Hall case is distinguishable from the instant one in that Bachrik testified that he did not issue policies, or even sign them personally as the authorized representative, but that the policies were issued at the Canton office of the company where someone else signed his name as the authorized representative. If this is true, the signer in Canton acted only as Bachrik's agent in so doing. In our opinion the jury could find that Bachrik in fact did issue the policy inasmuch as it bore his signature as authorized representative.

In our opinion, not only is the Hall case decisive of the instant one on the question of Bachrik's authority to waive, but the instant case is stronger, for here Bachrik was the "authorized representative" for defendant, whose signature appeared as such on the face of the policy.* This fact alone, we think, would be sufficient for the jury to infer that he had authority to receive oral notice of an assignment of interest and waive the requirement of a written endorsement.

In the case of Compton Heights Laundry Co. vs. General Accident, Fire and Life Assur. Corp., 195 Mo. App. 313, 190 S. W. 382, the facts were practically identical with those in the case at bar, i.e., partners incorporated their business, the policy required that assignments be in writing, the soliciting and issuing agent knew of the change and promised to see that the corporation was covered but failed to do so. The court held that as the original policy, as the present one, did not become effective until it was countersigned by the agent [here, Bachrik], the agent had power to bind the company.

Turning to our own Commonwealth, we find that the law is the same. In McGinness vs. Caledonian Insurance Company of Scotland, 78 Pa. Superior Ct. 376, the insured, upon removal of his household goods from one town to the other, took his fire insurance policy to the local agent of the company and requested the permission of the company for such removal. The agent agreed to the transfer and stated that the premium would be higher, to which plaintiff agreed. The agent did not attach an endorsement to the policy, consenting to the transfer, although the policy so required. Subsequently, the property was destroyed by fire. The court

---

* Also note that endorsements of changes were required by paragraph (12) of the policy, quoted supra, to be countersigned by the "authorized representative."

held that the permission given by the agent was binding on the company, stating at page 380 that,

"The situation is precisely the same as if the transaction had occurred between the plaintiff and the president of the company at its home office."

See also Mentz vs. Lancaster Fire Insurance Company, 79 Pa. 475; Smith vs. West Branch Mutual Fire Insurance Company, 31 Pa. Superior Ct. 29.

Defendant cites the case of Collins vs. Home Insurance Company of New York, 110 Pa. Superior Ct. 72, as authority that a local agent of an insurance company may not waive any of the conditions of a policy. It merely holds that a local agent cannot waive a one-year limitation in bringing an action. Obviously only an officer would have authority to waive a limitation clause.

We conclude that the jury were properly instructed that they could find that Bachrik had waived the requirement for written endorsement for the assignment of interest in this case.

## II. The Partnership and Corporation Essentially the Same Entity

Defendant also challenges our instruction to the jury that if they found that the business in question was essentially the same after the incorporation as before, they could find that the partnership and the corporation were in essence one and the same entity and that for this additional reason, the corporation could recover on the policy originally issued to the partners.

The evidence was uncontradicted that the business which the partners carried on prior to the incorporation was essentially identical with that carried on by the corporation thereafter. It had exactly the same name, Golden Dawn Supermarket; it dealt in the same article, food; it was carried on at the same address; the same individuals ran it and made all policy deci-

sions relating to the business; the telephone listing was not changed; the sign on the store remained unaltered; `and the newspaper advertisements read the same as before. The only difference was in the ownership before and after the incorporation, in that the business had been strengthened financially by the pouring in of new money by Golden Dawn Foods. The only conceivable effect of this step on the business was to make it a far better risk for insurance purposes than it was as a partnership.

The law is well settled that in an appropriate case where justice to all parties requires it, a corporation and the individuals owning the stock and assets will be treated as identical: Markovitz vs. Markovitz, 336 Pa. 122; Barium Steel Corporation vs. Wiley, 379 Pa. 38; Lincoln Park Arms Building Corporation vs. United States F. and G. Co., 287 Ill. App. 520, 5 N. E. 2d 773. In the last-named case, the court held that the interest of partners in the ownership of a hotel which originally vested in the partnership name, and which was the subject of the policy, was the same interest as was subsequently vested in a corporation in which the partners held almost all of the stock, notwithstanding the policy was not assigned to the corporation.

While no Ohio or Pennsylvania cases have been called to our attention in which the above rule has been applied to facts identical with those in the instant case, the Illinois case of Lincoln Park Arms Building Corporation vs. United States F. and G. Co., supra, is exactly in point and sustains the view that was embodied in our charge to the jury in the instant case.

In view of the above, the issues here in question were properly submitted to the jury and justified the findings which it made. Accordingly, there was ample evidence in favor of plaintiff corporation.

*Order*

Now, July 1, 1964, the motion for judgment n. o. v.

is overruled and it is ordered that judgment is entered for the plaintiffs on the verdict.